UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/LYNCH

MONICA STONE,

    Plaintiff,

v.

ROBERTY HENDRY *et al.*,

    Defendants.

_____/

**ORDER SETTING STATUS CONFERENCE, CALENDAR CALL, AND TRIAL DATE**

This Court enters the following Order to apprise the parties of the trial date in this case and to establish certain pretrial procedures. Many of the procedures delineated in this Order are unique to the undersigned and, as a result, the parties should carefully review this Order. This Order does not contain pretrial deadlines. This Order sets forth all pretrial procedures. A second, separate order will establish all pretrial deadlines. It is the Court's intention that this Order, together with the order setting pretrial deadlines, will provide the parties with all of the information they need to litigate before this Court.

**PLEASE TAKE NOTICE** that the above-captioned cause is hereby set for **Trial** before the Honorable Robin L. Rosenberg, United States District Judge, at the United States District Court at 101 South U.S. Highway 1, Fourth Floor, Courtroom 4008, Fort Pierce, Florida, during the **two-week trial period commencing May 29, 2018 at 9:00 a.m.**, or as soon thereafter as the case may be called. **PLEASE TAKE FURTHER NOTICE** that a **Status Conference** will be held on **April 25, 2018 at 9:30 a.m.**, and a **Calendar Call** will be held on **May 23, 2018 at 9:00 a.m.** Counsel (or a *pro se* party) may appear at the Status Conference and the Calendar Call via

telephone but must file a notice of telephonic appearance at least one (1) day prior to the Status Conference or Calendar Call.[1]  Instructions for appearing via telephone are as follows:

1. Please call five (5) minutes prior to the Status Conference or Calendar Call.
2. The toll-free number is: 1 (877) 873-8018.
3. The access code is: 9890482.
4. The security code is: 4008.

The parties shall comply with the undersigned's rules as follows:

## 1. SERVICE

Unless service is waived, proof of service must be made to the Court by filing the server's affidavit immediately upon receipt.

## 2. PRETRIAL DEADLINES

Within two weeks of (1) the date upon which any one defendant appears in this action or (2) the rendition of this Order, whichever is later, the parties are directed to prepare and file a joint scheduling report (and e-mail a proposed order) as required by Local Rule 16.1.  The joint scheduling report shall include all information required by Local Rule 16.1(b)(2) and (b)(3).  The Court anticipates the following pretrial deadlines barring unusual circumstances:

- Deadline to select a mediator and to schedule a time, date, and place for mediation within 30 days of the scheduling order.

- Deadline to amend pleadings and join parties within 60 days of the scheduling order.

- Completion of all discovery 120 days prior to trial.

- Deadline for dispositive pretrial motions and *Daubert* motions (which include motions to strike experts) 90 days prior to trial.

- Completion of mediation 60 days prior to trial.

---

[1] The status conference and calendar call will be held at the address and location specified above.  In the event the Court's schedule requires the status conference or calendar call to be held at another location, the Court will notify the parties by order.

The parties should address their joint scheduling report and their proposed pretrial deadlines to the Court's anticipated deadlines outlined above. The parties are encouraged to explain their proposed deadlines to the extent such deadlines conflict with the Court's anticipated deadlines outlined above. In the event the parties determine that the Court's trial date should either be extended or shortened based upon the expedited, standard, or complex case management tracks described in Local Rule 16.1(a), the parties should explain the basis for so concluding, together with any affidavits in support of a continuance that may be necessary under Local Rule 7.6. Finally, the parties' proposed order should be a Microsoft Word document utilizing the format in the Court's sample scheduling order on the undersigned's webpage at: http://www.flsd.uscourts.gov. In the event the parties do not file a joint scheduling report by the deadline established by this Order, the Court will unilaterally determine the pretrial deadlines in this case.

3. **JURY TRIALS**

In addition to filing their proposed jury instructions with the Clerk (the date for filing the proposed jury instructions is set forth in the pretrial scheduling order), the parties shall also submit A SINGLE JOINT SET of proposed jury instructions and verdict form in Word format directly to Rosenberg@flsd.uscourts.gov.[2] To the extent these instructions are based upon the Eleventh Circuit pattern jury instructions, counsel shall indicate the appropriate Eleventh Circuit pattern jury instruction upon which their instruction is modeled. All other instructions shall include citations to relevant supporting case law.

The parties need not agree on the proposed language of each instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that

---

[2] The joint set of proposed jury instructions should include both preliminary jury instructions (from the appropriate Eleventh Circuit pattern instructions) as well as final jury instructions. Proposed voir dire questions and verdict forms should be e-mailed in Word format to this e-mail address as well.

instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only by defendant(s) to which plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit pattern instructions clearly identified as such, must be supported by citations to authority. In preparing the requested jury instructions, the parties shall use as a guide the pattern jury instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein.

4. **BENCH TRIALS**

An additional copy of all proposed Findings of Fact and Conclusions of Law (the date for filing the proposed Findings of Fact and Conclusion of Law is set forth in the pretrial scheduling order) shall be sent in Word format to the chambers e-mail account listed above. Proposed Conclusions of Law must be supported by citations to authority.

5. **EXHIBIT AND WITNESS LISTS**

Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits (the date for filing the proposed witnesses and/or exhibit lists is set forth in the pretrial scheduling order). All exhibits shall be pre-labeled in accordance with the proposed exhibit list, and only numerical sequences are permitted—alphabetical designations shall not be used. Exhibit labels must include the case number, the exhibit number, and the party offering the exhibit. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted prior to trial. Any composite exhibits should be listed separately, i.e. 1A, 1B, 1C, etc. The parties shall submit said exhibit list on AO Form 187, which is available from the Clerk's office and at http://www.uscourts.gov/services-forms/forms. At trial, the parties shall deliver to

the Court a USB flash drive that contains digital copies of the exhibits. The parties must also comply with Administrative Order 2016-70.

### 6. TRIAL PLAN AND STATUS CONFERENCE

At the Status Conference, the Court will require all parties to estimate the total number of witnesses each party intends to call at trial and to estimate the total amount of time requested for trial.

The parties shall file a joint trial plan no later than two (2) business days prior to Calendar Call. By way of example, if Calendar Call falls on a Wednesday, the joint trial plan shall be filed no later than the preceding Monday at 11:59 p.m. Also by way of example, if Calendar Call falls on a Wednesday and the preceding Monday is a federal holiday, the joint trial plan shall be filed no later than the preceding Friday at 11:59 p.m. The joint trial plan shall set forth the following information: (1) the anticipated length of time required for each party's opening statement; (2) the witnesses each party intends to call at trial, listed in the order in which these witnesses will be called;[3] (3) a *brief* description of each witness (*e.g.,* the identity of the witness and the relationship of the witness to any parties in the case); (4) whether the witness is an expert and, if so, the area of expertise of the witness; (5) whether each witness will testify live, by video deposition, or by reading of deposition testimony; (6) the anticipated length of time required for direct examination, cross examination, and redirect examination of each witness; (7) the anticipated length of time required for each party's closing argument; (8) any additional matters that may affect the course of trial; and (9) **an accurate summation of the total time allocated in the trial plan**.

---

[3] If adjustments become necessary during trial, the Court will not require the parties to call their witnesses in the order in which they are listed in the joint trial plan, as long as sufficient advance notice of the adjustments is provided to the Court and opposing counsel. However, the Court expects very little deviation from the joint trial plan in all other respects.

The Court prefers the trial plan to be submitted using the following format:

| Opening Statement (estimated time) | | | 15 min | | |
|---|---|---|---|---|---|
| Opening Statement (estimated time) | | | 15 min | | |
| Proposed Witnesses (in proposed sequence) | Relationship to Party(s) | Live / Depo / Video * | Time Estimate for | | |
| | | | Direct | Cross | Redirect |
| 1. ▇▇▇ | Chief Operating Officer and General Counsel ▇▇▇ | L | 15 min | 20 min | 5 min |

Prior to filing the joint trial plan, the parties shall meet and confer regarding the matters outlined therein. The parties shall certify in the joint trial plan that they have complied with this requirement.

7. **TRIAL NOTEBOOK**

On or before noon on the Thursday preceding trial, the parties shall jointly submit, via hand-delivery to Chambers,[4] a trial notebook that contains documents relevant to trial as discussed below. Unless a requested document has not been filed with the Clerk, the requested document must be printed directly from CM/ECF. The documents must be organized in tabular fashion (with the tabs created and inserted by the parties) as follows:

- **Tab 1**: Trial Outline (containing the joint trial plan and joint pretrial stipulation)

- **Tab 2**: Pleadings (containing the operative complaints, answers, and affirmative defenses)

- **Tab 3**: List of Witnesses (containing all parties' witness lists)

- **Tab 4**: Exhibit Lists (containing all parties' exhibit lists on AO form 187 or a similar form)

---

[4] If trial is set in Fort Pierce, delivery should be to Chambers in Fort Pierce. If trial is set in West Palm Beach, delivery should be to Chambers in West Palm Beach.

- **Tab 5**: Pretrial Orders (the Court will insert the necessary documents into this tab)

- **Tab 6**: Voir Dire/Standard/Selection/Peremptory Strikes (containing a joint description of the case, to be read to jurors by the Court, and all parties' proposed voir dire questions)

- **Tab 7**: Preliminary Jury Instructions (containing the joint preliminary jury instructions from the pattern Eleventh Circuit instructions)

- **Tab 8**: Cautionary Instructions (the Court will insert the necessary documents into this tab)

- **Tab 9**: Deposition Designations (containing joint deposition designations with objections)

- **Tab 10**: Final Instructions (containing the joint proposed final jury instructions)

- **Tab 11**: Verdict (containing the parties' proposed verdict form(s))

The parties' obligations to provide the documents outlined above in the trial notebook do not relieve the parties of their respective obligations to provide Microsoft Word files of certain documents, such as proposed jury instructions, proposed voir dire questions, and proposed verdict forms.

## 8. HEARINGS

The Court will review *sua sponte* any motions (other than those referred to the Magistrate Judge) and determine which motions are appropriate for a hearing.  Hearings usually are conducted from Monday through Friday beginning at 8:30 a.m., and are conducted for 15 minutes, unless the Court determines that more time is needed based on such factors as the complexity of the issues, the number of motions, or whether the hearing is evidentiary in nature.  Counsel is allowed to appear in person or via telephone.  In order to appear via telephone, counsel must file a notice of telephonic appearance, as set forth in the Order Setting Hearing, at least one (1) day prior to the hearing.  The Court will endeavor to give to the parties as much notice of the scheduled hearing as possible, but, at times, notice may be within a week of the

hearing. The Court's *sua sponte* setting of hearings on motions does not preclude the parties from requesting oral argument, as appropriate, on filed motions. Finally, counsel should keep in mind the need to provide courtroom experience to the next generation of practitioners and, as a result, the Court will particularly welcome any lawyer with four or fewer years of experience to argue any of the motions set for a hearing.

### 9. MOTIONS FOR SUMMARY JUDGMENT AND STATEMENTS OF MATERIAL FACTS

Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court. In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted. Local Rule 56.1(b). In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pincite, is not permitted**.

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF[5] with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ▮ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ▮ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ▮ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

All citations in the statement of material facts must cite to the attached exhibits. For example, a citation could be to "Exhibit A, ¶ 2" or (for a deposition) "Exhibit C, p. 12 line 15" or "Exhibit C, 12:15".[6] Hypothetical unacceptable citations include the following: "Exhibit B" or "Smith Affidavit". Similarly, a party should not cite to "Smith Affidavit, pgs. 223-24" and should instead cite to "Exhibit E, Smith Affidavit, pgs. 223-24".

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts. By way of example, if a movant's statement of material facts reads as follows:

---

[5] The Court recognizes that pro se parties do not have control over how their filings appear in CM/ECF. Nonetheless, a pro se litigant's paper filing must comply with the requirements of this Order.
[6] The citations in this section are not intended to correspond directly to the example image of a filing in CM/ECF.

## MOVANT'S STATEMENT OF MATERIAL FACTS

1. Blackacre is owned by Movant.  Exhibit B, ¶ 2.

2. Blackacre is currently under contract for sale.  Exhibit C, pgs. 2-4.

A respondent's statement of material facts must clearly respond to each of the foregoing:

## RESPONDENT'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO MOVANT'S STATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO MOVANT'S MOTION FOR SUMMARY JUDGMENT

Paragraph 1:  Undisputed

Paragraph 2:  Disputed.  The contract for sale was never executed.  Exhibit A, ¶ 5.

After a respondent addresses each of a movant's statement of material facts (and all disputed facts should be supported by specific citations) as above, a respondent may provide additional statements of material fact in accordance with the requirements of this Order.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, together with any other sanctions that the Court deems appropriate.

**10. COURTESY COPIES**

Notwithstanding the implementation of CM/ECF, all parties shall deliver a courtesy copy to the Intake Section of the **Clerk's Office** all motions exceeding twenty-five pages. This copy shall be bound and any attachments and/or appendices must be indexed with tabs.

**11. PROPOSED ORDERS**

Pursuant to the CM/ECF Administrative Procedures, counsel shall send proposed orders in Word format for all motions to be decided by the undersigned directly to Rosenberg@flsd.uscourts.gov.

**12. PRETRIAL STIPULATION**

The Joint Pretrial Stipulation shall conform to S.D. Fla. L.R. 16.1(e). The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order. The pretrial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same information is required to be attached to the parties' Joint Pretrial Stipulation. The filing of a motion to continue trial shall not stay the requirement for the filing of a Pretrial Stipulation.

**13. COMPUTERS AND OTHER EQUIPMENT**

Counsel desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use one week prior to the commencement of trial. The motion and proposed order should describe with specificity (1)

the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

**14. NON-COMPLIANCE WITH THIS ORDER**

Intentional or repeated non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**15. SETTLEMENT**

If the case is settled, counsel shall promptly inform the Court by calling the chambers of U.S. District Judge Robin L. Rosenberg at (772) 467-2340 and, within 10 days of notification of settlement to the Court, submit an appropriate Motion or Stipulation and proposed order for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). The parties shall attend all hearings and abide by all time requirements unless and until an order of dismissal is filed.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 2nd day of June, 2017.

/s/ Robin L. Rosenberg
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record