UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2:17-cv-14177-RLR

MONICA STONE, as the Executor
De Son Tort on behalf of
ESTATE OF CHRISTOPHER COX,

    Plaintiff,

vs.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, CHARLES MARTEEN,
DAVID BAILES and CAROLYN CONRAD,

    Defendants.

_____/

## DEFENDANTS', CHRISTOPHER ROSE AND DAVID BAILES, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, CHRISTOPHER ROSE and DAVID BAILES (hereinafter, as "Defendants"), by and through its undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 12(b)(1)(6) and S.D. Fla. L. R. 7.1(a)(1), file this Motion to Dismiss and Incorporated Memorandum of Law, as follows:

### INTRODUCTION

1. The Plaintiff in this matter filed a lawsuit against correctional officers Christopher Rose and David Bailes on or about March 14, 2017 related to the death of an inmate, Christopher Cox (hereinafter referred to as "Cox"), who was incarcerated at the Martin Correctional Institute ("MCI"). *See generally* DE 1-1. The pertinent allegations of the pending Amended Complaint are identified as follows.

2. The Plaintiff initially alleges that Defendants, Christopher Rose and David Bailes, were, "during all relevant times ... employed by the Florida Department of Corrections," and that the Defendants' actions or inactions were taken under color of state law." DE 1-1 at ¶ 6 and 8.

3. According to the Amended Complaint, an inmate "Cox was transferred to MCI on January 14, 2015 and placed into protective management (PM) on February 3, 2015." *Id.* at ¶ 23. It is also alleged that an inmate, Hurley Brown ("Brown"), was also in PM, and that on March 15, 2015, both Cox and Brown were placed in the same dormitory in a "locked down" cell. *Id.* at ¶¶ 23-24.

4. According to Plaintiff, MCI "...as well as other classification and correction officers ... knew inmates designated with PM should not be housed with other inmates," but there are no facts alleged in the amended pleading about any alleged knowledge as to Defendants Rose and Bailes. *Id.* at ¶ 26.

5. It is also alleged that Cox and Brown were of different races and weights, that "other inmates cautioned MCI" that Cox and Brown not be placed in the same cell, and that Brown requested help with his mental condition "feeling he was a threat to himself or others." *Id.* at ¶¶ 28-31. Defendants Rose and Bailes, however, are not referenced specifically with regard to any of these general allegations. *Id.*

6. The Plaintiff alleges that, on March 15, 2015, "the first and only day Inmate Cox was locked up with Inmate Brown," Cox was strangled and killed by Cox. *Id.* at ¶33.

7. As it relates to Defendants Bailes and Rose, the Plaintiff alleges that "[o]n March 15, 2015, Defendants [Bailes and Rose]...were assigned to supervise, the D wing at MCI where inmate Cox was being housed." *Id.* at ¶ 63.

8.       The Plaintiff then asserts several allegations that purport to apply to the five (5) individual Defendants, including Bailes and Rose, but the Plaintiff fails to allege any facts to distinguish the Defendants, or to attribute, specifically, any facts or specific acts as to Defendants Rose and Bailes. *Id.* at ¶¶ 64-67.

9.       It is alleged by the Plaintiff that the individual Defendants "knew that inmates are classified based upon danger to others, among other things" and that "[t]hey knew that once classified as a 'PM' they had to take precautions to protect other inmates from dangers presented by the inmate with such a designation." *Id.* at ¶ 65. This averment of "they," however, does not allege any facts, specifically, as to Defendants Bailes and Rose, or even how the inmates were or should have been classified. *Id.*

10.      The Plaintiff then alleges in this amended pleading that "Defendants Rose, Bailes…failed to adopt, implement, or enforce an inmate classification policy or procedure that identified inmates as predator or non-predator or sufficiently identified dangerous inmates that were risk to house with other inmates." *Id.* at ¶ 68. However, and once again, the Plaintiff does not allege any facts with regard to any specific and identified "policy or procedure," and/or how Defendants Bailes and Rose were somehow responsible for adopting any such rules or procedures as "correction officers." *Id.*

11.      The Plaintiff then alleges that the Defendants "knew that they were not permitted to follow unlawful orders or directions," *see id.* at ¶ 69, but the Amended Complaint does not allege, any facts with regard to any specific unlawful "orders or directions" with actual factual allegations that these Defendants should have subsequently followed. *Id.*

12.      Lastly, the Plaintiff alleges that "[a]t the beginning of the attack on Cox, inmates began screaming and banging on their doors to get the attention of the guards to come to Cox's

rescue." *Id.* at ¶ 87. Plaintiff further alleges that "[i]t took 30 minutes of screaming and banging before *anyone* reported to D2210 only to find Cox already unconscious." *Id.* According to Plaintiff, inmates testified under oath that they specifically told corrections officers at MCI not to put Cox in the cell with Brown. *Id.* at ¶ 91.

13. The Amended Complaint, however, vaguely references "they" and otherwise fails to establish any facts specifically as to Defendants Rose and Bailes regarding being aware of the alleged fight or even identified by the alleged inmates' testimony or why the inmates allegedly claimed that the two (2) inmates should have been separated. *Id.*

14. Based upon these arguments, the Plaintiff alleges two (2) Counts against Defendants, Christopher Rose and David Bailes:  Eighth Amendment – Cruel and Unusual Punishment – Failure to Protect (pursuant to 42 U.S.C. § 1983) (Count I) and Eighth Amendment – Failure to Render Aide (pursuant to 42 U.S.C. § 1983) (Count III).

15. As aptly demonstrated below, the Amended Complaint fails to circumvent the Defendants' qualified immunity, and otherwise fails to satisfy the pleading standard under *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007). Accordingly, the Amended Complaint must be dismissed.

## MEMORANDUM OF LAW

### A. Standard of Review

To satisfy the pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a

claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *Georgia Carry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

As the Eleventh Circuit has explained, the *Twombly/Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention,* 623 F. 3d 1371, 1380 (11th Cir. 2010). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012). Thus, any legal conclusions without adequate factual support are not legally entitled to any assumption of truth. *Mamani v. Berzain,* 654 F.3d 1148, 1153 (11th Cir. 2011); *see also Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1333 (11th Cir. 2010) (legal conclusions are not entitled to assumption of truth).

### B.     The Defendants are entitled to Qualified Immunity

Qualified immunity protects "government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). This immunity balances the need for official

accountability with the need to permit officials to engage in their discretionary duties without fear of personal liability or harassing litigation. *Pearson,* 555 U.S. at 231, 129 S.Ct. 808 (2009). But, qualified immunity "does not offer protection 'if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff].'" *Holmes v. Kucynda,* 321 F.3d 1069, 1077 (11th Cir. 2003) (*quoting Harlow,* 457 U.S. at 815, 102 S.Ct. 2727). In order for government officials to enjoy qualified immunity, they must first establish that they were acting within the scope of their discretionary authority when the alleged wrongful acts occurred. *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002).

Once it has been determined that an official was acting with the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity is inappropriate. *Id.* This burden requires a plaintiff to first show that the official's alleged conduct violated a constitutionally protected right. Second, the plaintiff must then demonstrate that the right was clearly established at the time of the alleged misconduct. *Pearson,* 555 U.S. at 232, 129 S.Ct. 808, *Grider v. City of Auburn,* 618 F.3d 1240, 1254 (11th Cir. 2010). A plaintiff must satisfy both prongs of the analysis to overcome a defense of qualified immunity. *Grider,* 618 F.3d at 1254. In order for the law to be clearly established, "case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates a federal law." *Priester v. City of Riviera Beach,* 208 F.3d 919 (11th Cir. 2000). The Court looks to the binding precedent set forth in the decisions of the Supreme Court, the Eleventh Circuit, or the highest court of the state to decide whether a right is clearly established. *Amnesty Int'l, USA v. Battle,* 559 F.3d 1170, 1184 (11th Cir. 2009).

The Plaintiff's claims against the Defendants, Rose and Bailes, must be in this judicial district, viewed through the prism of qualified immunity. The Plaintiff, therefore, bears the burden of establishing both that the Defendants, as stated above, committed a constitutional violation and that the law governing the circumstances was already clearly established at the time of the violation. The Plaintiff has failed to satisfy these burdens, as follows:

>   i.  **The Plaintiff has failed to properly alleged a deliberate indifference claim against the Defendants.**

A deliberate indifference claim, as it relates to cruel and unusual punishment is governed by the Eighth Amendment to the Constitution which provides, in pertinent part, that "cruel and unusual punishment [shall not be] inflicted." U.S. Const. amend. VIII. This amendment therefore governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). In considering a deliberate indifference claim, "[e]ach individual Defendant must be judged separately and on the basis of what the person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). The Plaintiff must therefore allege facts in a pleading that are sufficient to show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *Id.* To put it another way, to be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Purcell ex rel. Estate of Morgan v. Toombs County,* 400 F.3d 1313, 1320 (11th Cir. 2005).

As to the first element, this Circuit uses an objective standard. *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1028-29 (11th Cir. 2001). The second element – deliberate indifference to the substantial risk of serious harm – has two components, one subjective and one objective. To satisfy the subjective component, a plaintiff must allege that the defendant actually knew that an inmate faced a substantial risk of serious harm. *Rodriguez v. Sec'y for Dep't of Corr.,* 508 F.3d 611, 617 (11th Cir. 2007). The objective component requires a plaintiff to allege that the defendant disregard the alleged known risk by failing to respond to it in an objectively reasonable manner. *Id.* at 617.

In this matter, the Plaintiff has failed to set forth sufficient allegations under *Twombly* establishing an inference to be drawn that any risk of harm existed in order to pierce the veils of qualified immunity as to Defendants Bailes and Rose. In the Amended Complaint, and rather than using specific alleged facts as to these Defendants, the Plaintiff employs phrases, such as, the Plaintiff "advised MCI," or "they knew," or "anyone," or references to complaints of "abuse{} and ... his life was in danger" without any specific facts as to the Defendants' knowledge. Similarly, the Amended Complaint alleges that "[o]ther inmates cautioned MCI that they cannot put inmate Cox in a cell with Inmate Brown," but this pleading is devoid of any *Twombly* averments as to the individual Defendants. The Amended Complaint also fails to establish whether Defendants Bailes and Rose had subjective knowledge that Plaintiff faced a substantial risk of serious harm. Additionally, Plaintiff's Amended Complaint fails the objective component as it fails to establish that either Defendant deliberately disregarded a known risk by failing to respond in a reasonable manner. The Amended Complaint, at best, only points to vague and generalized threats which would be legally insufficient. *See e.g. Chatham v. Adcock,* 334 Fed.Appx. 281, 293-94 (11th Cir. 2009) (where despite the plaintiff's multiple complaints to

prison officials, he never directly told them that his cellmate had threatened him and court found that the plaintiff had shown only generalized awareness of risk by defendants).[1]

Lastly, the most serious allegations in the Amended Complaint is that the Plaintiff allegedly complained that inmate Brown was going to rape him and that inmates had allegedly told "correction officers" to separate the inmates.[2] However, there are no allegations that the alleged "complaint" was directed at or known by these Defendants. Thus, at best, the Plaintiff alleges a generalized awareness of certain issues not correlated to the risk of a death which violates *Twombly* and fails to overcome Defendants' entitlement to qualified immunity.

### ii.   The Plaintiff has failed to state a Failure to Render Aide claim.

To state a claim for failure to render aide, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."*Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). More specifically, a plaintiff's allegations must establish that he or she had an "objectively serious medical need," and "that the [ ] official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003). A plaintiff must establish four elements to make out a case of deliberate indifference to a serious medical need: (1) an objectively serious need, (2) an objectively insufficient response to that need, (3) subjective awareness of facts signaling the need, and (4) an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). To determine whether the official's response is objectively insufficient, a Court must look at the length of the delay in relation to the seriousness

---

[1] According to the Amended Complaint, the Plaintiff was only in the cell with inmate Brown for one (1) day, and thus, there are no prior acts to form any legal or factual basis for Plaintiff's allegations as to the Defendants; or if such existed, they are not alleged.

[2] The Plaintiff alleges that "Brown had indicated ...," but there are no *Twombly* facts asserted as to any knowledge by Defendants, Bailes and/or Rose. *See* DE 1-1 at 13 ¶ 85.

of the injury and the reason for the delay. *Id.* at 1259-60. In situations in which an inmate seeks to hold officers liable for failing to intervene in an attack at the hands of another inmate, such as in this matter, liability attaches only if the officer " 'was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff.' " *Smith v. Andrews*, CV 114-206, 2016 WL 6818755, at 4 (S.D. Ga. Nov. 16, 2016) (*quoting* Glispy v. Raymond, 2009 WL 2762636 at 3 (S.D. Fla. 2009)).

In this claim, the Plaintiff alleges that no one responded timely to the alleged altercation. However, as to these specific individual Defendants, there are no allegations that Defendants, Bailes and Rose, were in proximity of this alleged incident or somehow knew that the alleged attack was ongoing but deliberately ignored it. Thus, and as a matter of law, the Plaintiff's allegations regarding any failure to render aid in this case are insufficient to overcome the Defendants' veils of qualified immunity.

## **CONCLUSION**

Based upon the foregoing, the Defendants, CHRISTOPHER ROSE AND DAVID BAILES, respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint as to these Defendants, and for any other relief that this Court deems is just and proper.

        Respectfully submitted,

        WHITELOCK & ASSOCIATES, P.A.
        300 Southeast Thirteenth Street
        Fort Lauderdale, Florida 33316
        Telephone:  (954) 463-2001
        Facsimile:  (954) 463-0410
        Counsel for Defendants, Rose and Bailes

        /s/Christopher J. Whitelock
        Christopher J. Whitelock
        Florida Bar No. 067539
        David S. Frank
        Florida Bar No. 93906

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CMECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Filing.

        s/Christopher J. Whitelock
        CHRISTOPHER J. WHITELOCK

## SERVICE LIST

James A. Wardell, Esq.
Wardell Law Firm, P.A.
805 W. Azeele Street
Tampa, FL 33606
e-mail: jwardell@jawlaw.net
kdaley@jawlaw.net

James Williams, Esq.
Phillip Wiseberg, Esq.
Williams, Leininger & Cosby, P.A.
11300 US Highway 1, #300
North Palm Beach, FL 33408
e-mail: jwilliams@wlclaw.com
e-mail: pwiseberg@wlclaw.com