IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/LYNCH

MONICA STONE, *as the*
*Personal Representative of the*
ESTATE OF CHRISTOPHER COX

      Plaintiff,

          v.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, CHARLES MARTEEN,
DAVID BAILES, and CAROLYN CONRAD

      Defendants.

_____/

## DEFENDANTS, ROBERT HENDRY AND ROBERT FEIPEL'S, ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I – III OF PLAINTIFF'S AMENDED COMPLAINT, MOTION TO DISMISS COUNT IV, AND MOTION TO STRIKE PORTIONS OF THE AMENDED COMPLAINT

COME NOW Defendants, ROBERT HENDRY (hereinafter "HENDRY") and ROBERT FEIPEL (hereinafter "FEIPEL"), by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses to Counts I through III of Plaintiff's Amended Complaint as follows:

1.  Defendants are without personal knowledge of the allegations in Paragraph 1 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

2.  Defendants are without personal knowledge of the allegations in Paragraph 2 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

## PARTIES

3.  Defendants are without personal knowledge of the allegations in Paragraph 3 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

4.  Defendants admits that Robert Hendry was an employee of the Department of Corrections (hereinafter "DOC) as the Warden for Martin Correctional Institute (hereinafter "MCI") on the date of the subject incident. Defendants are without personal knowledge of any further allegations in Paragraph 4 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

5.  Admitted.

6.  Defendants admit that Christopher Rose was a corrections officer on the date of the subject incident. Defendants are without personal knowledge of any further allegations in Paragraph 6 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

7.  Defendants admit that Charles Martens was a corrections officer, with the rank of Captain, on the date of the subject incident. Defendants are without personal knowledge of any further allegations in Paragraph 7 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

8.  Defendants admit that David Bailes was a corrections officer on the date of the subject incident. Defendants are without personal knowledge of any further allegations in Paragraph 8 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

9.  Defendants admit that Carolyn Conrad was a nurse at MCI on the date of the subject incident. Defendants are without personal knowledge of any further allegations in Paragraph 9 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

## FACTUAL BACKGROUND

### A. Appointment of Personal Representative of Probate Estate and Issuance of Letters of Administration

10. Defendants admit that Christopher Cox died on March 15, 2015.  Defendants are without personal knowledge of any further allegations in Paragraph 10 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

11. Defendants are without personal knowledge of the allegations in Paragraph 11 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

12. Defendants are without personal knowledge of the allegations in Paragraph 12 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

**B. <u>Florida Department of Corrections</u>**

13. Admitted.

14. Admitted.

15. Motion to Strike.  See below.

16. Motion to Strike.  See below.

17. Motion to Strike.  See below.

18. Motion to Strike. See below.

19. Motion to Strike.  See below

20. Motion to Strike.  See below.

<u>FACTS OF ATTACK AND MURDER</u>

21. Admitted.

22. Admitted.

23. Defendants admit that Christopher Cox (hereinafter "Cox") was transferred to MCI on January 14, 2015.  Defendants deny any further allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and demand strict proof thereof.

24. Defendants admits that on March 15, 2015, Cox and inmate Hurley Brown (hereinafter "Brown") were both housed in D Dormitory, wing 2, cell 2210, were the only two housed in this cell, and were on lock down. Defendants deny any further allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint and demand strict proof thereof.

4

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and demand strict proof thereof.

27. Defendants are without personal knowledge of the allegations in Paragraph 27 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

28. Defendants are without personal knowledge of the allegations in Paragraph 28 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

29. Defendants admit that Cox was Caucasian.  Defendants are without personal knowledge of any further allegations in Paragraph 29 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

30. Defendants admit that Brown is Black.  Defendants are without personal knowledge of any further allegations in Paragraph 30 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

31. Defendants are without personal knowledge of the allegations in Paragraph 31 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

32. Defendants admit that the cell that Cox and Brown were located in on the date of the incident was on lock down.  Defendants deny any further allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and demand strict proof thereof. Defendant

33. Defendants admit that on March 15, 2015, Brown killed Cox.  Defendants are without personal knowledge of any further allegations in Paragraph 33 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

34. Admitted.

35. Defendants admit that Brown indicated he stopped Cox from killing himself to prevent from being pepper sprayed which caused Cox to come after Brown and Brown fought Cox and killed him. Defendants are without personal knowledge of any further allegations in Paragraph 35 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

36. Motion to Strike.  See below.

37. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint and demand strict proof thereof.

### *Deliberate Indifference*

38. Motion to Strike.  See below.

39. Defendants admit that inmate housing decisions are made through the classification unit.  Defendants deny any further allegations contained in Paragraph 39 of Plaintiff's Amended Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint and demand strict proof thereof.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and demand strict proof thereof.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint and demand strict proof thereof.

44. Defendants admit that close custody refers to the class of inmates who must be maintained with an armed perimeter or under direct, armed supervision when outside of a secure perimeter.  Defendants deny any further allegations contained in Paragraph 44 of Plaintiff's Amended Complaint and demand strict proof thereof.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and demand strict proof thereof.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint and demand strict proof thereof.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint and demand strict proof thereof.

52. Defendants are without personal knowledge of the allegations in Paragraph 52 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

53. Defendants are without personal knowledge of the allegations in Paragraph 53 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and demand strict proof thereof.

55. Defendants admit that inmates were banging on their doors and screaming "man down". Defendants are without personal knowledge of any further allegations in Paragraph 55 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and demand strict proof thereof.

57. Defendants admit that FEIPEL was with nurse Conrad when the door was opened to cell D2210 and Cox was on the floor unresponsive.  Defendants deny any further allegations contained in Paragraph 57 of Plaintiff's Amended Complaint and demand strict proof thereof. Defendant

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and demand strict proof thereof.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint and demand strict proof thereof.

8

60. Defendants are without personal knowledge of the allegations in Paragraph 60 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

**C.   The Duties of a Correctional Officer**

61. Admitted.

62. Admitted.

63. Defendants admit that FEIPEL was assigned to supervise D dorm at MCI where Cox was being housed on March 15, 2015.  Defendants are without personal knowledge of any further allegations in Paragraph 63 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

**D.   Defendants Hendry, Feipel, Rose, Marteen, and Bailes Knew Inmate Cox Should Not Have Been Locked in a Cell with Inmate Brown**

64. Defendants admit that one of the criteria in classifying inmates is based upon the danger they may be to other inmates.  Defendants are without personal knowledge of any further allegations in Paragraph 64 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint and demand strict proof thereof.

66. Defendants were aware that Cox and Brown were of different races.  Defendants are without personal knowledge of any further allegations in Paragraph 66 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint and demand strict proof thereof.

**E. Defendants Hendry, Marteens and Feipel, supervised Defendants Rose, Bailes, and Conrad, and were responsible for ensuring Cox's physical safety.**

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and demand strict proof thereof.

69. Defendants are without personal knowledge of the allegations in Paragraph 69 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

70. Defendants agree that HENDRY and FEIPEL, among others, were responsible for maintaining a reasonably safe prison for Cox since he was in their custody and they were supervisors at the time of the subject incident. Defendants are without personal knowledge of any further allegations in Paragraph 70 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

71. Defendants are without personal knowledge of the allegations in Paragraph 71 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

72. Defendants admit that Cox and Brown were assigned to be housed in a cell together. Defendants deny any further allegations contained in Paragraph 72 of Plaintiff's Amended Complaint and demand strict proof thereof.

73. Defendants are without personal knowledge of the allegations in Paragraph 73 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint and demand strict proof thereof.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint and demand strict proof thereof.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint and demand strict proof thereof.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint and demand strict proof thereof.

78. Defendants admit that Cox and Brown could have been housed separately. Defendants deny any further allegations contained in Paragraph 78 of Plaintiff's Amended Complaint and demand strict proof thereof.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint and demand strict proof thereof.

80. Defendants are without personal knowledge of the allegations in Paragraph 80 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

**F.   Hurley Brown beats and murders Christopher Cox**

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint and demand strict proof thereof.

82. Defendants admit that on March 15, 2015, Brown was murdered by Cox in cell D2210.  Defendants are without personal knowledge of any further allegations in Paragraph 82 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

83. Defendants are without personal knowledge of the allegations in Paragraph 83 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

84. Defendants are without personal knowledge of the allegations in Paragraph 84 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

85. Defendants are without personal knowledge of the allegations in Paragraph 85 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

86. Defendants are without personal knowledge of the allegations in Paragraph 86 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

87. Defendants admit that inmates were banging on their doors and screaming and, when officers arrived to cell D2210, Cox was unresponsive.  Defendants deny any further allegations contained in Paragraph 87 of Plaintiff's Amended Complaint and demand strict proof thereof.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint and demand strict proof thereof.

89. Defendants admit that two nurses attempted CPR on Cox and paramedics were called to the scene.  Defendants deny any further allegations contained in Paragraph 89 of Plaintiff's Amended Complaint and demand strict proof thereof.

90. Admitted.

91. Defendants are without personal knowledge of the allegations in Paragraph 91 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

## COUNT I

**Plaintiff v. All Defendants Eighth Amendment – Cruel and Unusual Punishment – Failure to Protect (pursuant to 42 U.S.C. §1983)**

92. Defendants restate and incorporate their responses to paragraphs 1 through 91 above, as if fully stated herein.

93. Defendants admit that the Eighth Amendment protects all persons against the infliction of "cruel and unusual punishment". Defendants are without personal knowledge of any further allegations in Paragraph 93 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

94. Defendants admit that *Farmer v. Brennan* is a case involving rights of incarcerated persons in a lawsuit against federal prison officials.  The case speaks for itself and stands for the propositions contained therein.  Defendants are without personal knowledge of any further allegations in Paragraph 94 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

13

95. Defendants admit that *Farmer v. Brennan* is a case involving rights of incarcerated persons in a lawsuit against federal prison officials and speaks on "deliberate indifference". The case speaks for itself and stands for the propositions contained therein. Defendants are without personal knowledge of any further allegations in Paragraph 95 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

96. Defendants admit that on the date and time of the subject incident, Cox and Brown were in their care, custody, and supervision. Defendants are without personal knowledge of any further allegations in Paragraph 96 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

97. Defendants admit that an inmate's constitutional rights are not to be violated when determining classification and placement. Defendants are without personal knowledge of any further allegations in Paragraph 97 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint and demand strict proof thereof.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint and demand strict proof thereof.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint and demand strict proof thereof.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint and demand strict proof thereof.

102. Defendants admit that FEIPEL observed Cox and Brown in a cell together. Defendants deny any further allegations contained in Paragraph 102 of Plaintiff's Amended Complaint and demand strict proof thereof.

103. Defendants admit that Cox and Brown were of different races. Defendants deny any further allegations contained in Paragraph 103 of Plaintiff's Amended Complaint and demand strict proof thereof.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint and demand strict proof thereof.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint and demand strict proof thereof.

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint and demand strict proof thereof.

## **COUNT II –**

**Plaintiff v. Defendant's Hendry, Feipel and Marteen Eighth Amendment –
Supervisor Liability
(pursuant to 42 U.S.C. §1983)**

107. Defendants restate and incorporate their responses to paragraphs 1 through 91 above, as if fully stated herein.

108. Defendants admit that the Eighth Amendment protects all persons against the infliction of "cruel and unusual punishment". Defendants are without personal knowledge of any further allegations in Paragraph 108 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

15

109. Admitted.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint and demand strict proof thereof.

111. Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Amended Complaint and demand strict proof thereof.

112. Admitted.

113. Defendants are without personal knowledge of any further allegations in Paragraph 113 of Plaintiff's Amended Complaint, and they are therefore denied and strict proof demanded thereof.

114. Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Amended Complaint and demand strict proof thereof.

115. Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Amended Complaint and demand strict proof thereof.

116. Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Amended Complaint and demand strict proof thereof.

117. Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Amended Complaint and demand strict proof thereof.

118. Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Amended Complaint and demand strict proof thereof.

119. Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Amended Complaint and demand strict proof thereof.

120. Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Amended Complaint and demand strict proof thereof.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT III

**Plaintiff v. Defendants Rose, Bailes, and Conrad Eighth Amendment – Failure to Render Aide**
**(pursuant to 42 U.S.C. §1983)**

122. Defendants restate and incorporate their responses to paragraphs 1 through 91 above, as if fully stated herein.

123. -134.  As to these paragraphs Defendants HENDRY and FEIPEL state that these allegations do not pertain to these Defendants, are not plead against them, and are therefore denied and Defendants demand strict proof thereof.

## AFFIRMATIVE DEFENSES

135.  As and for a first affirmative defense, Defendants state that the Plaintiff has been compensated by collateral sources and that any recovery herein should be reduced by the payments the Plaintiff has received by all collateral sources.

136.  As and for a second affirmative defense, Defendants state that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by reason of Christopher Cox's negligence and/or wrongful acts and/or misconduct.

137.  As and for a third affirmative defense, Defendants state that the sole proximate cause of Plaintiff's alleged damages and injuries were the efficient intervening

negligence and/or wrongful acts and/or misconduct of some other third party not under control of this Defendant, and therefore, Plaintiff is barred from recovery against these Defendants.

138. As and for a fourth affirmative defense, Defendants state that HURLEY BROWN, was negligent and this negligence was, in whole or in part, the proximate cause of Plaintiff's injuries and damages.

139. As and for a fifth affirmative defense, Defendants state that they are entitled to a set off from any named co-defendant's having settled the claim brought against them in this lawsuit by Plaintiff.

140. As and for a sixth affirmative defense, Defendants state that they are immune from any and all liability based on qualified immunity as Defendants committed no acts in derogation of Christopher Cox's civil rights and otherwise acted in good faith relying upon existing statues, policies, and procedures as authority for the actions taken.

## JURY TRIAL DEMAND

The Defendant demand trial by jury of all issues so triable.

## MOTION TO DISMISS COUNT IV

COMES NOW Defendant ROBERT HENDRY, by and through undersigned counsel, and pursuant to *Fed R. Civ. P. 12(b)(6)*, moves for the Court to Dismiss this count against this Defendant, and in support states:

18

1. Count IV of Plaintiff's Amended Complaint is titled 'Negligence Against the State of Florida Department of Corrections and Warden Hendry in His Official Capacity".

2. This is not a federal cause of action but a state cause of action for negligence (wrongful death) appended to the federal question counts already addressed above.

3. Defendant Robert Hendry was the warden of Martin CI at the time of the subject incident.

4. He is not, and has never been, the Secretary of the Department of Corrections which is the person who runs and oversees the Department of Corrections.

5. Plaintiff has not named as a party to this lawsuit the Department of Corrections or the State of Florida despite the fact that Plaintiff mentions the "State" or "State of Florida" throughout Count IV of the Amended Complaint.[1]

6. Plaintiff cannot bring a negligence cause of action against Warden Hendry, as in his official capacity, as he is not the head of the state agency being sued.

## MEMORANDUM OF LAW

Pursuant to *Fed. R. Civ. P. 12(b)(6),* a Motion to Dismiss will be granted if the Plaintiff fails to state a claim for which relief can be granted.  In pleading a proper lawsuit, Plaintiff only must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).*   When considering a Rule *12(b)(6)* motion to dismiss, the Court accepts as true all factual allegations in the

---

[1] Paragraph 138, 139, and 140 of the Amended Complaint

Complaint. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.  A Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action". *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F. 2d 1171 (11th Cir. 1993).

It is well settled law that an officer or employee of a state agency or subdivision is not personally liable for their actions when done in the course and scope of their employment.   *Fl. Stat 768.28(9)(a)*.   The only exception is if the actions of the employee/officer are in bad faith or "with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property". *Id.; See also Bryant v. Duval County Hosp. Authority*, 459 So. 2d 1154 (Fla. 1st DCA 1984) (holding that a state employee is personally liable only for actions outside the scope of their employment or for actions in bad faith, with malice or without willful and wanton disregard of human rights, safety, or property).  For federal suits, the Eleventh Amendment states, in relevant part, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  A non-consenting

State is immune from suits brought in federal courts. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

The proper party for a Plaintiff to bring an action against an officer or employee of a state agency whose actions are in question during their work on behalf of the state agency is to bring an action against the "governmental entity, or the head of such entity in her or his official capacity". *Id.; See also White v. Hillsborough County Hosp. Authority*, 448 So. 2d 2 (Fla. 2d DCA 1983) (holding that if there is no personal liability in performance of governmental employment then the proper action should be against the governmental entity).

There is no claim that Defendant HENDRY personally acted in bad faith or with malicious purpose.  The actions that Plaintiff takes issue with of Defendant all occurred during the course and scope of his employment with the Department of Corrections as warden of the correctional institution where the incident occurred. If Plaintiff wants to claim that the Department of Corrections was negligent, suit must be brought against the agency itself or the secretary of the agency.  Plaintiff cannot bring a negligence suit against Defendant HENDRY, in his individual capacity.  If Plaintiff wanted to bring suit against Defendant HENDRY, in his individual capacity, Plaintiff would have to plead "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights [and] safety]."  However, Plaintiff cannot bring a cause of action for negligence against Defendant HENDRY as he is not the state agency or head of the state agency involved.  As such, Plaintiff has failed to state a cause of action

against Defendant and Plaintiff cannot sue Defendant personally and individually based on the work he did while working on behalf of the Department of Health.

WHEREFORE, Defendant, ROBERT HENDRY respectfully requests that the Court dismiss Count IV of Plaintiff's Amended Complaint for failure to state a cause of action, and grant any further relief deemed appropriate by this Honorable Court.

## MOTION TO STRIKE PARAGRAPHS 15-20, 36 AND 38 OF PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendants, ROBERT HENDRY and ROBERT FEIPEL, by and through undersigned counsel, and pursuant to *Fed R. Civ. P. 12(f)*, moves for the Court to Strike paragraphs 15-20, 36, and 38 from Plaintiff's Amended Complaint and in support states.

1.  Within the Amended Complaint filed by Plaintiff, several paragraphs contain information that has no bearing on the subject lawsuit.

2.  The specific paragraphs are as follows:

    15) The Department of Corrections has come under scrutiny for the acts of its employee's regarding the treatment and supervision of inmates within the system.

    16) The DOC has also been scrutinized for failing to have or implement policies designed to protect the life and safety of inmates, as well as for intentionally showing a callous disregard for the life and safety of inmates under its supervision.

    17) The DOC had a policy of not accurately reporting inmate deaths or sabotaging investigations to hide the true extent of the problems within Florida's DOC

    18) In 2015, Florida had the highest prison death rate (354 per 100,000 inmates) than any of the other 10 largest states.

19) The environment within the Florida Department of Corrections, generally, and within MCI, specifically, was that corrections officers knew that they could engage in conduct that violated prisoners' civil rights, with impunity.

20) This environment directly caused or permitted Defendants Hendry, Feipel, Rose, Marteens, Bailes, and Conrad to engage in the acts or inaction described herein.

36) It is well known that violent inmates often try to claim a murder victim committed suicide.  They also claim a murder was done in self-defense, especially where there are only two individuals within a cell.

38) The Florida Department of Corrections is the third largest state prison system in the country, with a current budget of $2.4 billion, consisting of 143 facilities housing over 100,873 inmates, and 142,000 offenders on active community supervision.

3. Plaintiff has not brought suit against the Florida Department of Corrections but rather against individuals who worked in the prison where Cox was housed.

4. There is no legal justification or basis for the language that Plaintiff includes in the above mentioned paragraphs.

## MEMORANDUM OF LAW

5.  Defendants HENDRY and FEIPEL respectfully request that the Court exercise its discretion pursuant to *Fed. R. Civ. P. 12(f)* and strike paragraphs 15-20, 36 and 38 of Plaintiff's Amended Complaint.

6. *Fed. R. Civ. P. 12(f)* allows the Court to strike any "redundant, immaterial, impertinent, or scandalous matter".

7. Inclusion of the above cited language is immaterial, impertinent, and scandalous material that has no bearing on the causes of action brought by Plaintiff against the

named defendants and is only included in the Amended Complaint to defame and cast a bad light on Defendants' employer, the Florida Department of Corrections.

WHEREFORE Defendants, ROBERT HENDRY and ROBERT FEIPEL, pursuant to *Fed. R. Civ. P. 12(f)*, request that the Court Grant their Motion and Strike paragraphs 15-20, 36 and 38 of Plaintiff's Amended Complaint, and for any further relief this Court deems justified.

Dated: June 15, 2017

s/ James O. Williams Jr., Esq.
James O. Williams Jr., Esq. (eService@wlclaw.com)
Florida Bar No. 0614513
Philip B. Wiseberg, Esq.
Florida Bar No. 27233
Attorney for Defendant HENDRY
**Williams, Leininger & Cosby, P.A.**
11300 US Highway One, Suite 300
North Palm Beach, Florida 33408
Telephone No. (561)615-5666
Facsimile No. (561)615-9606

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2017 I electronically filed the foregoing document with the Clerk of Court using its CM/ECF system, and sent a copy via email to the parties listed below.

**s/ James O. Williams**
Florida Bar No. 0614513

**SERVICE LIST:**

James A. Wardell, Esq.
Wardell Law Firm, PA
805 W. Azeele Street
Tampa, FL  33606

813-387-3333
Counsel for Plaintiff

Christopher J. Whitelock
Whitelock & Associates, PA
300 SE Thirteenth Street
Fort Lauderdale, FL  33316
954-463-2001
Counsel for Rose and Bailes

Claire R. Hurley, Esq.
Cole, Scott & Kissane
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
561-383-9200
Counsel for Conrad