IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/LYNCH

MONICA STONE, *as the*
*Personal Representative of the*
ESTATE OF CHRISTOPHER COX

    Plaintiff,

        v.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, CHARLES MARTEEN,
DAVID BAILES, and CAROLYN CONRAD

    Defendants.
_____/

## **DEFENDANT, ROBERT HENDRY'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant ROBERT HENDRY (hereinafter "HENDRY"), by and through undersigned counsel, and pursuant to *Fed R. Civ. P. 12(b)(6)*, moves for the Court to Dismiss this count against this Defendant, and in support states:

1. Count IV of Plaintiff's Amended Complaint is titled 'Negligence Against the State of Florida Department of Corrections and Warden Hendry in His Official Capacity".

2. This is not a federal cause of action but a state cause of action for negligence (wrongful death) appended to the federal question counts already addressed above.

3. Defendant Robert Hendry was the warden of Martin CI at the time of the subject incident.

4. He is not, and has never been, the Secretary of the Department of Corrections which is the person who runs and oversees the Department of Corrections.

5. Plaintiff has not named as a party to this lawsuit the Department of Corrections or the State of Florida despite the fact that Plaintiff mentions the "State" or "State of Florida" throughout Count IV of the Amended Complaint.[1]

6. Plaintiff cannot bring a negligence cause of action against Warden Hendry, as in his official capacity, as he is not the head of the state agency being sued.

## MEMORANDUM OF LAW

Pursuant to *Fed. R. Civ. P. 12(b)(6),* a Motion to Dismiss will be granted if the Plaintiff fails to state a claim for which relief can be granted. In pleading a proper lawsuit, Plaintiff only must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* When considering a Rule *12(b)(6)* motion to dismiss, the Court accepts as true all factual allegations in the Complaint. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action". *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F. 2d 1171 (11th Cir. 1993).

It is well settled law that an officer or employee of a state agency or subdivision is not personally liable for their actions when done in the course and scope of their employment. *Fl. Stat 768.28(9)(a).* The only exception is if the actions of the employee/officer are in bad faith or

---

[1] Paragraph 138, 139, and 140 of the Amended Complaint

"with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property". *Id.; See also Bryant v. Duval County Hosp. Authority*, 459 So. 2d 1154 (Fla. 1st DCA 1984) (holding that a state employee is personally liable only for actions outside the scope of their employment or for actions in bad faith, with malice or without willful and wanton disregard of human rights, safety, or property). For federal suits, the Eleventh Amendment states, in relevant part, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." A non-consenting State is immune from suits brought in federal courts. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

The proper party for a Plaintiff to bring an action against an officer or employee of a state agency whose actions are in question during their work on behalf of the state agency is to bring an action against the "governmental entity, or the head of such entity in her or his official capacity". *Id.; See also White v. Hillsborough County Hosp. Authority*, 448 So. 2d 2 (Fla. 2d DCA 1983) (holding that if there is no personal liability in performance of governmental employment then the proper action should be against the governmental entity).

There is no claim that Defendant HENDRY personally acted in bad faith or with malicious purpose. The actions that Plaintiff takes issue with of Defendant all occurred during the course and scope of his employment with the Department of Corrections as warden of the correctional institution where the incident occurred. If Plaintiff wants to claim that the Department of Corrections was negligent, suit must be brought against the agency itself or the secretary of the agency. Plaintiff cannot bring a negligence suit against Defendant HENDRY, in his individual capacity. If Plaintiff wanted to bring suit against Defendant HENDRY, in his

individual capacity, Plaintiff would have to plead "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights [and] safety." However, Plaintiff cannot bring a cause of action for negligence against Defendant HENDRY as he is not the state agency or head of the state agency involved. As such, Plaintiff has failed to state a cause of action against Defendant and Plaintiff cannot sue Defendant personally and individually based on the work he did while working on behalf of the Department of Health.

WHEREFORE, Defendant, ROBERT HENDRY respectfully requests that the Court dismiss Count IV of Plaintiff's Amended Complaint for failure to state a cause of action, and grant any further relief deemed appropriate by this Honorable Court.

Dated: June 15, 2017

> s/ James O. Williams Jr., Esq.
> James O. Williams Jr., Esq. (eService@wlclaw.com)
> Florida Bar No. 0614513
> Philip B. Wiseberg, Esq.
> Florida Bar No. 27233
> Attorney for Defendant HENDRY
> **Williams, Leininger & Cosby, P.A.**
> 11300 US Highway One, Suite 300
> North Palm Beach, Florida 33408
> Telephone No. (561)615-5666
> Facsimile No. (561)615-9606

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2017 I electronically filed the foregoing document with the Clerk of Court using its CM/ECF system, and sent a copy via email to the parties listed below.

> **s/ James O. Williams**
> Florida Bar No. 0614513

**SERVICE LIST:**

James A. Wardell, Esq.

Wardell Law Firm, PA
805 W. Azeele Street
Tampa, FL  33606
813-387-3333
Counsel for Plaintiff

Christopher J. Whitelock
Whitelock & Associates, PA
300 SE Thirteenth Street
Fort Lauderdale, FL  33316
954-463-2001
Counsel for Rose and Bailes

Claire R. Hurley, Esq.
Cole, Scott & Kissane
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
561-383-9200
Counsel for Conrad