UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/LYNCH

MONICA STONE, *as the*
*Personal Representative of the*
ESTATE OF CHRISTOPHER COX,

    Plaintiff,

v.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, CHARLES MARTEEN,
DAVID BAILES, and CAROLYN CONRAD,

    Defendants,
_____/

**PLAINTIFF'S INITIAL RULE 26(a)(1)(A) DISCLOSURES**

The Plaintiff, MONICA STONE, *as the Personal Representative of the* ESTATE OF CHRISTOPHER COX, by and through her undersigned legal counsel, and pursuant to Rule 26(a)(1)(A), Federal Rules of Civil Procedure, and the Court's Scheduling Order, hereby serves her Rule 26(a)(1)(A) initial disclosures as follows:

The Plaintiff makes these initial disclosures in accordance with the Federal Rules of Civil Procedure. The Plaintiff makes these disclosures subject to and without waiving right to protect from disclosure any work product of the Plaintiff or Plaintiff's legal counsels, including mental impressions, conclusions, opinions or legal theories of the Plaintiff's legal counsels or other representatives concerning the subject litigation.

The Plaintiff anticipates she will be able to indentify additional witnesses or documentation, if any, after the parties have had an opportunity to engage in substantial discovery, including expert discovery, in accordance with the Local Rules of the Southern District of Florida and Federal Rules of Civil Procedure 26(a).

The following disclosures are made based on information reasonably available to the Plaintiff as of the date of this disclosure, and represents that the Plaintiff has made a good faith effort to identify information pertaining to the allegations in her Complaint as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. The Plaintiff's initial disclosures are based only on such information and documentation that is presently available. The Plaintiff anticipates that further investigation and discovery will supply additional facts and documents, and known facts. All of which may lead to additions or changes to this disclosure.

The Plaintiff reserves the right to supplement this disclosure upon the discovery of additional information.

**1.     Rule 26(a)(1)(A)(i)** - **Plaintiff, to the best of her knowledge, believes the following individuals may have discoverable information that Plaintiff may use to support her claims:**

a.  Monica Stone
    3335 Oakland Road South
    Lakeland, FL 33801
    Mrs. Stone is the Plaintiff and has knowledge concerning the claims, facts and issues raised in this litigation and her claims for damages.

b.  Stephanie Baker
    4354 Lindsey Loop
    Dover, FL 33527
    Mrs. Baker is the sister of Plaintiff Monica Stone and Aunt of the deceased, Christopher Cox. She has knowledge concerning the claims, facts and issued raised in this case.

c.  Robert Hendry
    4108 Raleigh Way
    Tallahassee, FL 32311
    Mr. Hendry is a Defendant in this litigation and has knowledge of the claims, facts and issues raised in this litigation and Plaintiff's claims for damages.

d.  Robert Feipel
    3350 Ludlow Street
    Port Saint Lucie, FL 34593
    Mr. Feipel is a Defendant in this litigation and has knowledge of the claims, facts and issues raised in this litigation and Plaintiff's claims for damages

 e. Christopher Rose
  1203 Bell Avenue
  Fort Pierce, FL 34982
  Mr. Rose is a Defendant in this litigation and has knowledge of the claims, facts and issues raised in this litigation and Plaintiff's claims for damages.

 f. David Bailes
  Mr. Bailes current contact information are unknown at this time. Mr. Bailes is a Defendant in this litigation and has knowledge of the claims, facts and issues raised in this litigation and Plaintiff's claims for damages.

 g. Carolyn Conrad
  30346 E. State Road 78, Lot 31
  Okeechobee, FL 34974
  Ms. Conrad is a Defendant in this litigation and has knowledge of the claims, facts and issues raised in this litigation and Plaintiff's claims for damages.

 h. Inmate Hurley Brown
  Mr. Brown's current contact information is unknown at this time. Mr. Brown is the inmate housed with the deceased Christopher Cox who admitted killing his cellmate Inmate Christopher Cox.

 i. All inmates housed in D Dormitory, Wing 2 that have knowledge or were interviewed about the incident alleged in the Complaint or Amended Complaint.

 j. All correction officers and personnel at Martin Correctional Institute (MCI) that had any involvement or participation in the incident as alleged in the Complaint or Amended Complaint.

 k. All special agents, officers and personnel of Fort Pierce Field Office of the Florida Department of Law Enforcement ("FDLE") who investigated or participated in the investigation of the incident as alleged in the Complaint or Amended Complaint.

 l. Nina G. Denton, Attorney-in-Charge, Marty County Office of the State Attorney or any attorneys, staff or personnel at the Martin County Office of the State Attorney who participated in or have knowledge of the State's investigation of the incident as alleged in the Complaint or Amended Complaint.

 m. Dr. Linda Rush O'Neil of the District 19 Medical Examiner's Office and all staff or personnel of the District 19 Medical Examiner's Office who participated in or have knowledge of the autopsy of the deceased Christopher Cox.

 n. Paramedics and EMS personnel from Station 24 in Indiantown who responded to or have knowledge of the incident as alleged in the Complaint or Amended Complaint.

 o. All persons identified by the Defendants in their Rule 26(a)(1) Disclosures.

*These disclosures, including the identification of individuals and information, are preliminary and subject to revision throughout the course of discovery. Accordingly, Plaintiff reserves the right to supplement her initial Rule 26(a)(1)(A)(i) disclosures. Notwithstanding the foregoing, Plaintiff assumes no duty to supplement discovery other than that imposed by Rule 26(e), Federal Rules of Civil Procedure.*

**2.     Rule 26(a)(1)(A)(ii) – Plaintiff, at this point in her discovery, believes to the best of her knowledge, that she may use the following categories of documents, electronically stored information, and tangible things to support her claims:**

| | | |
|---|---|---|
| a. | Correspondence, letters and communications | In the possession of Plaintiff and/or her counsel, location 805 W. Azeele Street, Tampa, Florida 33606; and in the possession of the Defendants or their counsel; or obtained during discovery. |
| b. | Any and all photographs, videotapes, diagrams, maps and drawings of the subject incident. | In the possession of Plaintiff and/or her counsel, location: 805 W. Azeele Street, Tampa, Florida 33606; and in the possession of the Defendants or their counsel; or obtained during discovery. |
| c. | Any and all public records, police reports, investigative reports, and news media records, reports or articles. | In the possession of Plaintiff and/or her counsel, location: 805 W. Azeele Street, Tampa, Florida 33606; and in the possession of the Defendants or their counsel; or obtained during discovery. |
| d. | Any and all statement from the Defendants, Special Agents, Officers, Inmates, Medical Examiner, EMS or persons who investigated or responded to MCI on March 15, 2015. | In the possession of or know by Plaintiff and/or her counsel, location: 805 W. Azeele Street, Tampa, Florida 33606; and in the possession or known by the Defendants or their counsel; or obtained during discovery. |
| e. | All documents identified by the Defendants in their Rule 26(a)(1) Disclosures | In the possession of the Defendants or their counsel; or obtained during discovery. |

*These disclosures are preliminary and subject to revision throughout the course of discovery. Accordingly, Plaintiff reserves the right to supplement her initial Rule 26(a)(1)(A)(ii) disclosures. Notwithstanding the foregoing, Plaintiff assumes no duty to supplement discovery other than that imposed by Rule 26(e), Federal Rules of Civil Procedure.*

4

3. **Rule 26(a)(1)(A)(iii)- Computation of Damages:**

   a.   Plaintiff has not computed damages at this point.

*These disclosures are preliminary and subject to revision throughout the course of discovery. Accordingly, Plaintiff reserves the right to supplement her initial Rule 26(a)(1)(A)(iii) disclosures.*

4. **Rule 26(a)(1)(A)(iv) – Insurance Agreement**

   a.   Plaintiff is unaware of any applicable insurance agreements at this time.

*Plaintiff reserves the right to amend or supplement her disclosure of information required by Rule 26(a)(1)(A)(iv).*

/s/ James A. Wardell
JAMES A. WARDELL, ESQUIRE
Florida Bar No.:  0868061
WARDELL LAW FIRM, P.A.
805 W. Azeele Street
Tampa, FL  33606
Telephone:  (813) 387-3333
Facsimile:  (813) 387-3050
jwardell@jawlaw.net
kdaley@jawlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2017, the above document was electronically filed with the Clerk of Court by using the Court's Electronic Case Filing System, and relied upon the system's automatic service of this document to all counsel of record.

/s/ James A. Wardell
JAMES A. WARDELL, ESQUIRE