IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/MAYNARD

MONICA STONE, *as the*
*Personal Representative of the*
ESTATE OF CHRISTOPHER COX

      Plaintiff,

      v.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, DAVID BAILES,
CAROLYN CONRAD, and THE STATE OF
FLORIDA through JULIE L. JONES,
In her official capacity as Secretary of the Florida
Department of Corrections

      Defendants.
_____/

**<u>DEFENDANT, THE STATE OF FLORIDA'S, MOTION TO STAY
PRODUCTION OF RECORDS AND PAYMENT OF EXPENSES FROM
MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL [DE 140]</u>**

COMES NOW Defendant, THE STATE OF FLORIDA through JULIE L. JONES, In her official capacity as Secretary of the Florida Department of Corrections (hereinafter "FDOC"), by and through its undersigned counsel, and hereby files its Motion to Stay Production of Records and Payment of Expenses from the Magistrate's Order on Plaintiff's Motion to Compel [DE 140] dated March 7, 2018, and states the following in support hereof.

1. On February 28 2017, the Magistrate entered her Order on Defendant's Motion for Protective Order [DE 126] and Protective Order [DE 127].

2. On March 14, 2018, Defendant filed its Objections to the Order on Motion for Protective Order and the Protective Order [DE 164].

3. The focus of the objections is that the Protective Order entered by the Court does not provide for how confidential and sensitive records of Defendant are to be dealt with at the close of litigation.

4. On March 7, 2018, the Magistrate issued her Order on Plaintiff's Motion to Compel [DE 140].

5. On March 14, 2018, Defendant filed its Objections to the Order on Motion to Compel [DE 165].

6. Again, the focus of the objections are to the production of confidential and sensitive information without the appropriate safeguards in place.  Defendant also objected to the requirement to pay Plaintiff $750 in fees and costs.

7. Defendant now seeks the Court to stay the production of confidential and sensitive documents under the "attorney's eyes only" framework until the Court rules on Defendant's Objections.

8. Defendant does not seek to stay its obligation to produce records to Plaintiff that are not confidential or sensitive and is doing so on March 14, 2018.

9. Defendant further seeks the Court to stay the payment of $750 in fees and costs until the Court rules on Defendant's Objections.

## MEMORANDUM OF LAW

Defendant respectfully request that the Court exercise its discretion and grant it a Stay from production of records and payment of $750 as set forth by the Magistrate in her Order on Plaintiff's Motion to Compel [DE 140] based on Defendant filing objections to the Order as well as the Order on the Protective Order and Motion for Protective Order.

In order to obtain a stay a party must show: (1) likelihood of success on the merits of the objection, (2) irreparable injury to Defendant absent a stay, (3) lack of substantial prejudice to Plaintiff, and (4) the stay would serve the public interest. *See Montgomery v. Risen*, 2015 WL 5167628, *2 (S.D. Fla. September 3, 2015)  There is a strong likelihood of success by Defendant on the merits of its objections as the need for protections of confidential and sensitive records, like HIPAA records, at the conclusion of this lawsuit is clear and not included in the Magistrate's Orders.  Defendant would suffer irreparable harm if the Court were not to grant the Stay and require Defendant to produce confidential and sensitive records without first ruling on the Objections it has made.  The confidential and sensitive records would be provided to Plaintiff and her counsel without adequate protections and safeguards that could lead to serious and real security concerns of Defendant.  A short delay for the Court to rule on the objections would not prejudice Plaintiff as the discovery and dispositive motions deadlines have passed and mediation has been held.  Finally, the stay would serve the public interest in preventing the unnecessary dissemination of confidential and sensitive rerecords of a Florida State agency.  If the records were to be disclosed without a ruling on Defendant's objections they could cause serious harm to the general public as the records contain confidential

security information related to Defendant and its facilities. The objections lodged by Defendant go to the heart of the materials that the Court has compelled it to produce in unredacted form. Defendant filed its objection to the Magistrates Orders timely pursuant to *Fed R. Civ. P. 72*.

WHEREFORE Defendant, THE STATE OF FLORIDA through JULIE L. JONES, In her official capacity as Secretary of the Florida Department of Corrections (hereinafter "FDOC"), by and through its undersigned counsel request that the Court grant a Stay on Defendant's obligation to produce confidential and sensitive records and pay $750 to Plaintiff pending ruling on its Objections filed in this lawsuit, and for any further relief this Court deems appropriate.

## Rule 7.1(A)(3)(a) Pre-Filing Conference

WE HEREBY CERTIFY that, prior to the filing of this motion, the undersigned made reasonable efforts to confer with Plaintiff regarding the relief requested in this motion via email correspondence on March 13, 2018, and Plaintiff does not object to Defendant bringing this Motion but objects to the relief sought.

Dated: <u>March 14, 2018</u>

<u>s/ James O. Williams Jr., Esq.</u>
James O. Williams Jr., Esq. (eService@wlclaw.com)
Florida Bar No. 0614513
Philip B. Wiseberg, Esq.
Florida Bar No. 27233
Attorney for Defendant FDOC
**Williams, Leininger & Cosby, P.A.**
11300 US Highway One, Suite 300
North Palm Beach, Florida 33408
Telephone No. (561)615-5666
Facsimile No. (561)615-9606

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2018, I electronically filed the foregoing document with the Clerk of Court using its CM/ECF system, and sent a copy via email to the parties listed below.

s/ James O. Williams_____
Florida Bar No. 0614513

**SERVICE LIST:**

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
850-222-8080
Counsel for Plaintiff

Christopher J. Whitelock
Whitelock & Associates, PA
300 SE Thirteenth Street
Fort Lauderdale, FL  33316
954-463-2001
Counsel for Rose and Bailes

Claire R. Hurley, Esq.
Cole, Scott & Kissane
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
561-383-9200
Counsel for Conrad