UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/MAYNARD

MONICA STONE, as the Personal
Representative of the Estate of Christopher Cox,

    Plaintiff,

v.

ROBERT HENDRY *et al.*,

    Defendants.
_____/

## ORDER BIFURCATING TRIAL
## AND GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff's Corrected Partly Unopposed Motion for Reconsideration on Leave for Limited Amendment [DE 146]. The Court has carefully considered Plaintiff's Motion, and the parties' respective filings in opposition thereto and in support thereof, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 60(b), this Court may reconsider its prior Order [DE 108] denying Plaintiff's Motion to Amend the Second Amended Complaint [DE 85] for "any . . . reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). However,

> [r]econsideration of a previous order is an extraordinary remedy to be employed sparingly. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.

*Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1257 (S.D. Fla. 2014) (internal quotation marks and citations omitted).

The Court concludes that reconsideration of its prior Order is necessary to prevent manifest injustice. If Plaintiff is not permitted to amend her pleading, she will be unable to seek damages on behalf of the survivors of Christopher Cox. Such a result would run counter to the general policy favoring resolution of cases on the merits rather than on technical errors. Moreover, as set forth in greater detail below, several factors—including the limited scope of the amendment and the late change in Plaintiff's counsel—weigh in favor of permitting amendment, and the Court has taken steps—including bifurcating trial and permitting additional discovery and motion practice—to eliminate any prejudice to Defendants that might otherwise result.

First, the Court notes that Plaintiff has limited the scope of her proposed amendment. While Plaintiff previously sought to make a number of substantive changes, *see* DE 85 and DE 85-1, Plaintiff's proposed Third Amended Complaint [DE 146-4] now identifies the survivors of Christopher Cox and seeks survivor damages under the Florida Wrongful Death Act, Fla. Stat. § 768.16 *et seq.*, but otherwise does not alter Plaintiff's Second Amended Complaint [DE 62]. Contrary to Defendants' assertion, this amendment does not result in the addition of new parties. *See Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1300, 1305 (N.D. Fla. 2003) (noting that, "[u]nder Florida law, the plaintiff in a wrongful death action is properly the personal representative, on behalf of the estate and survivors," and that "survivors are not technically parties to a wrongful death action"); *Thompson v. Hodson*, 825 So. 2d 941, 951 (Fla. Dist. Ct. App. 2002) (noting that the personal representative is the statutorily appointed party plaintiff in a wrongful death case).

Second, the Court notes that Plaintiff's current counsel only recently appeared in this case on January 23, 2018. *See* DE 84. At the time counsel appeared, it was already five months past

the deadline to amend pleadings. *See* DE 28. As indicated in the Motion presently before the Court, Plaintiff's prior counsel was unfamiliar with the claims at issue in this case. *See* DE 146 at 9. While it may be true that Plaintiff has been aware of the survivors' identities all along, denying her leave to amend—and foreclosing the opportunity to seek survivor damages—as a result of her prior counsel's unfamiliarity with this area of law would result in manifest injustice. The Court notes that it was aware of the change in Plaintiff's counsel when it denied Plaintiff's Motion to Amend; however, the relative weight of this factor has increased in light of the limited scope of the amendment sought and the Court's decision to bifurcate trial.

To eliminate any prejudice to Defendants that might result from Plaintiff's amendment, the Court has decided to bifurcate trial on the issue of Defendants' liability and trial on the issue of damages. The Court notes that permitting Plaintiff to file her Third Amended Complaint adds a new category of damages and will necessitate additional discovery, including but not limited to propounding additional written discovery requests and deposing the survivors and additional family members. *See* DE 159 at 7. The Court also notes that there are legal bases on which Defendants may oppose Plaintiff's claim for survivor damages, including but not limited to the argument that the claim is time-barred. For these reasons, the Court will permit additional discovery and motion practice on the issue of survivor damages.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court hereby bifurcates trial. Trial on the issue of Defendants' liability shall commence on May 29, 2018 as set forth in this Court's Order Setting Status Conference, Calendar Call, and Trial Date [DE 11] and all pretrial deadlines remain in effect. Trial on the issue of damages and related pretrial deadlines shall be set by separate Order.

2. Plaintiff's Corrected Partly Unopposed Motion for Reconsideration on Leave for

Limited Amendment [DE 146] is **GRANTED**. Plaintiff shall re-file her Third Amended Complaint as a separate docket entry in this case by no later than **5:00 p.m. on March 19, 2018**.

3. By no later than **March 26, 2018**, each Defendant shall file a responsive pleading directed to Plaintiff's Third Amended Complaint. Defendants may not file any motion asserting a defense to any claim previously raised by Plaintiff, as all such defenses have either been waived or resolved by the Court. However, Defendants may file any appropriate motion directed to Plaintiff's claim for survivor damages. If any Defendant elects to do so, that Defendant shall file **both** a motion directed to that claim **and** a responsive pleading directed to all other claims.

4. The parties may conduct additional discovery and file additional pretrial motions limited to the issue of survivor damages. By no later than **March 21, 2018**, the parties shall submit a proposed scheduling order in Word format by email. The proposed scheduling order must specify all discovery to be conducted and provide deadlines for the completion thereof. To the extent any additional depositions will be taken, the proposed scheduling order must indicate the scheduled date and time of each deposition. The proposed scheduling order must also include a proposed deadline for filing all pretrial motions, including summary judgment motions, *Daubert* motions, and motions *in limine*.

5. The Court notes that the following dispositive motions are pending: (1) Defendants', Christopher Rose and David Bailes, Motion for Final Summary Judgment and Incorporated Memorandum of Law [DE 130]; (2) Defendant, the State of Florida's, Motion for Judgment on the Pleadings [DE 136]; (3) Defendants, Robert Hendry, Robert Feipel, and the State of Florida's, Motion to Dismiss/Strike on Claims for Damages [DE 141]; (4) Defendant, Robert Hendry's, Motion for Final Summary Judgment Based on Qualified Immunity [DE 142];

(5) Defendant, Robert Feipel's, Motion for Final Summary Judgment Based on Qualified Immunity [DE 144]; and (6) Defendant, Carolyn Conrad's Motion for Summary Judgment [DE 150].

    a. It appears to the Court that the filing of Plaintiff's Third Amended Complaint will have no effect on the arguments raised in the four pending Motions for Summary Judgment [DE 130, DE 142, DE 144, and DE 150]. Accordingly, these Motions will remain pending and the parties shall proceed with briefing in compliance with Local Rule 7.1(c). However, if any party believes that this is not the appropriate course, or that any of these Motions has been rendered moot in whole or in part, in light of the filing of Plaintiff's Third Amended Complaint, that party may file notice of that fact and explain the reasons therefor by no later than **5:00 p.m. on March 20, 2018**.

    b. With respect to the pending Motion for Judgment on the Pleadings [DE 136], the Court notes that such motions may be filed only after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). However, it appears to the Court that the filing of Plaintiff's Third Amended Complaint will have no effect on the arguments raised in this Motion. Accordingly, the Court will not require Defendant to refile this Motion after Plaintiff's Third Amended Complaint and all responsive pleadings have been filed. Instead, this Motion will remain pending, the parties shall proceed with briefing in compliance with Local Rule 7.1(c), and the Court's ruling on this Motion will have the same effect as if the Motion were filed after Plaintiff's Third Amended Complaint and all responsive pleadings had been filed. However, if any party believes that this is not the appropriate course in light of the filing of Plaintiff's Third Amended Complaint, that party may file notice of that fact and explain the reasons therefor by no later than **5:00 p.m. on March 20, 2018**.

    c. Finally, with respect to the Motion to Dismiss/Strike on Claims for Damages [DE 141], the Court notes that the filing of Plaintiff's Third Amended Complaint will render the Motion partially moot. Accordingly, by no later than **5:00 p.m. on March 20, 2018**, Defendants Robert Hendry, Robert Feipel, and the State of Florida shall file an amended Motion. Plaintiff shall file her response to the amended Motion by no later than **March 23, 2018**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of March, 2018.

                                    ROBIN L. ROSENBERG
Copies furnished to:
Counsel of Record                    UNITED STATES DISTRICT JUDGE