UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14177-ROSENBERG/MAYNARD

MONICA STONE, as the Personal
Representative of the Estate of Christopher Cox,

    Plaintiff,

v.

ROBERT HENDRY *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER ON DEFENDANT, THE STATE OF FLORIDA'S, OBJECTIONS TO MAGISTRATE'S ORDERS AND MOTION TO STAY**

**THIS CAUSE** is before the Court on (1) Defendant, the State of Florida's, Objections to the Magistrate's Order on Defendant's Motion for Protective Order and Protective Order [DE 164], (2) Defendant, the State of Florida's, Objections to the Magistrate's Order on Plaintiff's Motion to Compel [DE 165], and (3) Defendant, the State of Florida's, Motion to Stay Production of Records and Payment of Expenses from Magistrate's Order on Plaintiff's Motion to Compel [DE 166]. The Court has carefully considered Defendant's Objections and Defendant's Motion to Stay and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Objections to the Magistrate's Order on Defendant's Motion for Protective Order and Protective Order are **SUSTAINED**, Defendant's Objections to the Magistrate's Order on Plaintiff's Motion to Compel are **OVERRULED**, and Defendant's Motion to Stay is **DENIED AS MOOT**.

### I.    STANDARD OF REVIEW

"A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *S.E.C.*

*v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-CV-1195-J-34MCR, 2013 WL 5330258, at *1 (M.D. Fla. Sept. 23, 2013) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)) (internal quotation marks omitted).

## II. DISCUSSION

In its Objections to the Magistrate's Order on Defendant's Motion for Protective Order and Protective Order, Defendant seeks two amendments to the Protective Order on Sensitive Records: (1) the addition of language directing the return or destruction of all confidential materials after the conclusion of litigation and (2) the addition of language directing that no confidential materials be filed with the Court or presented during trial unless Defendant agrees or an appropriate motion is filed with the Court. The Court notes that this is a substantial reduction in the scope of relief originally sought by Defendant in its Motion for Protective Order. *See* DE 117 and DE 117-1. In light of the security concerns raised by Defendant in its Motion and Objections, and in light of the limited relief sought by Defendant, Defendant's Objections to the

Magistrate's Order on Defendant's Motion for Protective Order and Protective Order are **SUSTAINED**. The Protective Order on Sensitive Records [DE 127] is hereby amended to include the following language:

(1) Within 60 days from the conclusion of these proceedings, any recipient of materials protected under this Order shall either return the materials to the covered entity that provided it or destroy the materials (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.[1]

(2) If any party believes that materials protected under this Order are necessary as material evidence to prove a claim or defense in this case, that party must confer with Defendant, the State of Florida, in an effort to obtain its agreement prior to filing such materials with the Court or presenting them during trial. If the parties are unable to agree, any party may bring the issue to the Court's attention by filing an appropriate motion. In no event shall any materials protected under this Order be filed with the Court or presented during trial unless Defendant, the State of Florida, has agreed thereto or the Court has entered an Order permitting the filing or presentation of the materials.

In its Objections to the Magistrate's Order on Plaintiff's Motion to Compel, Defendant argues that it cannot produce its confidential materials until adequate protections are in place. In light of the Court's ruling on Defendant's Objections to the Magistrate's Order on Defendant's Motion for Protective Order and Protective Order, this issue has been rendered moot. Defendant further argues that there is no good faith basis to require Defendant to pay Plaintiff $750 for filing the Motion to Compel. This requirement is not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Defendant's Objections to the Magistrate's Order on Plaintiff's Motion to Compel are **OVERRULED**. Defendant shall produce all materials covered by the Order on Plaintiff's Motion to Compel, and pay Plaintiff $750, by no later than **5:00 p.m. on March 19, 2018**.

---

[1] At Defendant's request, this language is drawn from the HIPAA Qualified Protective Order [DE 97] submitted by Plaintiff. *See* DE 164 at 6; *see also* DE 92.

Finally, in its Motion to Stay, Defendant asks that its production of confidential materials and payment of $750 to Plaintiff be stayed pending resolution of Defendant's Objections. In light of the Court's rulings on Defendant's Objections, its Motion to Stay is **DENIED AS MOOT**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendant's Objections to the Magistrate's Order on Defendant's Motion for Protective Order and Protective Order [DE 164] are **SUSTAINED** and the Protective Order on Sensitive Records [DE 127] is amended as set forth herein.

2. Defendant, the State of Florida's, Objections to the Magistrate's Order on Plaintiff's Motion to Compel [DE 165] are **OVERRULED**.

3. Defendant, the State of Florida's, Motion to Stay Production of Records and Payment of Expenses from Magistrate's Order on Plaintiff's Motion to Compel [DE 166] is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this <u>16th</u> day of March, 2018.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE