UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2:17-CV-14177/ROSENBERG/LYNCH

MONICA STONE, as the Personal
Representative of the Estate of
CHRISTOPHER COX and on behalf
Of Survivors, Monica Stone and
Ronald Doyle,

       Plaintiff,

vs.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, DAVID BAILES,
CAROLYN CONRAD, and JULIE JONES
in her Official Capacity as Secretary of the
Florida Department of Corrections,

       Defendants.
_____/

## DEFENDANTS', CHRISTOPHER ROSE AND DAVID BAILES, OBJECTIONS TO THE REPORT AND RECOMMENDATION [DE 226]

Defendants, CHRISTOPHER ROSE AND DAVID BAILES (hereinafter, "Defendants"), through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to 28 U.S.C. § 636, Fed.R.Civ.P. 72 and S.D. Fla. L. R. 4(a) Magistrate Judge Rules, hereby submits Objections to the Report and Recommendation [D.E. 226] dated April 24, 2018, as follows:

    **I.**    **OBJECTIONS**

The Defendants object to the April 24, 2018 Report and Recommendation (hereinafter, "Report" or "Recommendation") to the extent that the Report seemingly grants the Defendants' Motion for Summary Judgment [D.E. 130] without prejudice as to Count I (Cruel and Unusual Punishment - Failure to Protect). In accordance with the Court's Local Rules, this section of the

1

Report is at D.E. 226 at 62.

## II.   BASIS OF OBJECTIONS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (2018). In terms of reviewing the legal conclusions in the Report, this Court must review such conclusions *de novo*. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). In the Report, the Magistrate recommends that the summary judgment ruling should not prejudice the "Plaintiff's ability to continue to litigate Count I, after she has had the opportunity to learn who the proper party-defendant(s) are." *See* D.E. 226 at 62. From this language, it appears (or could be interpreted) that the dismissal recommendation on Count I is without prejudice. As this Court is aware, there have been several amendments to the pleadings, extended discovery, and numerous depositions that predated the filing of Defendants' Rule 56 Motion.1 Despite being provided additional time for discovery and leave to amend a Third Amended Complaint, there is no doubt that the record before, and during, this suit established to the absence of any genuine fact that the Defendants did not play any role in the assignments of Cox and/or Brown. As correctly recognized by the Magistrate, "[a] prison official cannot deliberately fail to protect an inmate from a risk of harm of which the prison official personally knew nothing about." *Id.* at 41. In order to overcome the Defendants' entitlement to qualified immunity, the Plaintiff had the burdens to produce evidence that the Defendants actually knew that Cox faced this alleged substantial risk of serious harm related to their alleged roles in the assignment. *See Goodman v. Kimbrough*, 718 F.3d 1325 (11th Cir. 2013). In this matter, not only did the Plaintiff fail to produce such evidence despite the Rule 11 requirements of making this assignment theory repeatedly in this matter though various

---

1 This also does not include the discovery process after the Rule 56 filings.

pleadings, a discovery request or question was never even submitted to the Defendants asking about their alleged, unconstitutional assignment roles 2.

Although the Plaintiff failed to satisfy this burden, it appears that the Magistrate is recommending that the Defendants' Rule 56 Motion be granted as to Count I, but without prejudice, consequently leaving open the opportunity for Plaintiff to conduct "additional discovery to learn who the decision-maker(s) are and to amend her complaint to name them as party-defendants." D.E. 226 at 45. To the extent that this recommendation can be interpreted as a dismissal without prejudice as to the Defendants, this ruling would equate to permitting the Plaintiff to have now yet a fourth bite of the apple as to the Defendants, which is unfair and in violation of the Rule 56 process. A Rule 56 motion seeks an adjudication on the merits and thus is with prejudice when granted, not without. *See e.g. Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 197 (5th Cir. 2011) (granting of summary judgment is always with prejudice); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir. 1987); *Dredge Corp. v. Penny*, 338 F.2d 456, 464 (9th Cir. 1964). To the extent there are 'proper party-defendants,' the Defendants are not. During the Rule 56 process and in this matter, it was established that the Defendants are correctional officers who played no role in any assignment or classification of Cox and they should rightfully not be subject to further litigation. If the Plaintiff had proof to satisfy Rule 11 to continually make this assertion in these pleadings, this "proof" was not presented to the Defendants in discovery, or to the Court and/or Magistrate to challenge the Rule 56 Motion, nor even asked of the Defendants despite ample opportunity to do so in this matter. At this point, the Plaintiff should not be rewarded with another round of litigation and more discovery against the Defendants on Count I.

---

2 Although the Report reflects a "{f}rustrat{ion}" in the Defendants (presumably including the Defendants) denying any personal involvement in the cell assignment," *see* D.E. 226 at 43, the Defendants did not have any involvement, and the Plaintiff never submitted any discovery to the Defendants about their alleged involvement.

3

Thus, the Defendants object to any without prejudice recommendation to the Defendants and request that the Defendants' Rule 56 Motion be granted as to Count I with prejudice.

Lastly, to the extent that the Report can be interpreted as granting Defendants Summary Judgment as to Count III without prejudice, the Defendants again respectfully request that the judgment be entered with prejudice as to Count III.

**WHEREFORE**, and based upon the foregoing, the Court should reject the Magistrate's recommendation that Defendants' Motion for Summary Judgment be granted without prejudice as to Count I and grant the Defendants' Motion for Summary Judgment as to Count I (and Count III) with prejudice.

Respectfully submitted,

Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone:    (954) 463-2001
Facsimile:    (954) 463-0410
Counsel for Defendants, Rose and Bailes

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No.   0067539
DAVID S. FRANK
Florida Bar No.   93906
SHERI-LYNN COREY
Florida Bar No.   118148

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CMECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Filing.

                                      s/Christopher J. Whitelock
                                      CHRISTOPHER J. WHITELOCK

## SERVICE LIST

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
e-mail: cookjv@gmail.com

James Williams, Esq.
Phillip Wiseberg, Esq.
Williams, Leininger & Cosby, P.A.
11300 US Highway 1, #300
North Palm Beach, FL 33408
e-mail: jwilliams@wlclaw.com
e-mail: pwiseberg@wlclaw.com

Chelsea Furman, Esq.
Claire R. Hurley, Esq.
Barry A. Postman, Esq.
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
e-mail: chelsea.furman@csklegal.com
e-mail: claire.hurley@csklegal.com
e-mail: shalonda.cox@csklegal.com