UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-cv-14177-ROSENBERG/MAYNARD

MONICA STONE,

    Plaintiff,

v.

ROBERT HENDRY *et al.*,

    Defendants.

_____/

## ORDER ADOPTING IN PART
## MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Report and Recommendation on Pending Motions [DE 226] issued by Magistrate Judge Shaniek M. Maynard on April 24, 2018. Magistrate Judge Maynard's Report and Recommendation addresses the following Motions: Defendants', Christopher Rose and David Bailes, Motion for Final Summary Judgment and Incorporated Memorandum of Law [DE 130]; Defendant, the State of Florida's, Motion for Judgment on the Pleadings [DE 136]; Defendant, Robert Hendry's, Motion for Final Summary Judgment Based on Qualified Immunity [DE 142]; Defendant, Robert Feipel's, Motion for Final Summary Judgment Based on Qualified Immunity [DE 144]; Defendant, Carolyn Conrad's Motion for Summary Judgment [DE 150]; Defendants, Robert Hendry, Robert Feipel, and the State of Florida's, Motion to Dismiss/Strike on Claims for Damages [DE 177]; Plaintiff's Rule 56(d) Motion to Deny or Defer Ruling on Summary Judgment Motions and Allow Time to Receive Discovery [DE 192]; and Plaintiff's Motion Submitting Exhibits for Filing Under Seal or, Alternatively, Motion to File Normally [DE 213]. All of these Motions were referred to Magistrate Judge Maynard for appropriate disposition. *See* DE 162; DE 179.

The Court has conducted a *de novo* review of Magistrate Judge Maynard's Report and Recommendation; has reviewed Defendants', Christopher Rose and David Bailes, Objections to the Report and Recommendation [DE 233], Plaintiff's Objections to Recommended Report and Order [DE 235], Defendant Carolyn Conrad's Response to Plaintiff's Objections to Recommended Report and Order [DE 238], Defendants, Robert Hendry, Robert Feipel, and the State of Florida's, Response in Opposition to Plaintiff's Objections to Recommended Report and Order [DE 239], Defendants', Christopher Rose and David Bailes, Response to Plaintiff's Objections to Recommended Report and Order [DE 240], Plaintiff's Notice to the Court on the Status of Discovery on Liability Issues [DE 244], Defendants, Robert Hendry, Robert Feipel, and the Florida Department of Corrections Response to Plaintiff's Notice to the Court on the Status of Discovery on Liability Issues [DE 247], Defendants', Christopher Rose and David Bailes, Response to Plaintiff's Notice to the Court on the Status of Discovery on Liability Issues [DE 248], Defendant Carolyn Conrad's Response to Plaintiff's Notice to the Court on the Status of Discovery on Liability Issues [DE 249], Plaintiff's Supplemental Notice of Status of Discovery as to the Florida Department of Law Enforcement [DE 254], Magistrate Judge Maynard's Order Memorializing Discovery Conference [DE 255], Defendants', Christopher Rose and David Bailes, Objection to Court Order [DE 259], and Defendants, Hendry, Feipel, and FDOC's Response to Magistrate Order Memorializing Discovery Conference [DE 260]; has reviewed the entire record; and is otherwise fully advised in the premises. For the reasons set forth below, the Court adopts Magistrate Judge Maynard's Report and Recommendation in part.

## I.     Defendant's Motion for Judgment on the Pleadings

Count IV of Plaintiff's Third Amended Complaint asserts a negligence claim against the State of Florida pursuant to Florida Statutes section 768.28. *See* DE 173 at 17. In its Motion for

Judgment on the Pleadings [DE 136], the State of Florida argues that it is entitled to Eleventh Amendment immunity as to this claim. Section 768.28 "expressly waives Florida's sovereign immunity from tort actions brought in its own courts," but "does not waive Florida's Eleventh Amendment immunity" from suit in federal court. *See Connor v. Halifax Hosp. Med. Ctr.*, 135 F. Supp. 2d 1198, 1215 (M.D. Fla. 2001) (citing *Hamm v. Powell*, 874 F.2d 766, 770 n.3 (11th Cir. 1989)); *see also Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1516 n.8 (11th Cir. 1986). Magistrate Judge Maynard correctly concludes in her Report and Recommendation that the State of Florida has not waived this argument by participating in this case and is entitled to Eleventh Amendment immunity. *See* DE 226 at 56–60. However, Magistrate Judge Maynard recommends that, rather than granting judgment on the pleadings, this Court should remand Count IV to the state court in which this case originated. The Court notes that the State of Florida has not objected to this portion of Magistrate Judge Maynard's Report and Recommendation on the ground that remand rather than judgment on the pleadings is inappropriate (or on any other ground). As "federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment," *McClendon v. Georgia Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001), the Court agrees that Count IV should be remanded. Accordingly, the Court severs Count IV from the remainder of this action and remands it to the Circuit Court of the Nineteenth Judicial Circuit, in and for Palm Beach County, Florida.

**II.     Plaintiff's Rule 56(d) Motion and Defendants' Motions for Summary Judgment**

In her Rule 56(d) Motion to Deny or Defer Ruling on Summary Judgment Motions and Allow Time to Receive Discovery [DE 192], Plaintiff requests that the Court either deny Defendants' Motions for Summary Judgment or defer ruling on them in order to permit Plaintiff time after receiving additional discovery to amend her response to Defendants' Motions. Instead,

recognizing that one or more Defendants have failed to produce certain discovery in a timely fashion, but that the deadlines to complete discovery and to file motions have passed and that trial is imminent,[1] Magistrate Judge Maynard recommends granting Plaintiff a different form of relief pursuant to Rule 56(d)(3).[2] *See* DE 226 at 10–11.

Rather than adopt Magistrate Judge Maynard's recommendation, the Court grants Plaintiff's Rule 56(d) Motion to the extent that it will defer ruling on Defendants' Motions for Summary Judgment [DE 130, DE 142, DE 144, and DE 150] pursuant to Federal Rule of Civil Procedure 56(d)(1) in light of the failure to produce certain discovery to which Plaintiff was entitled prior to the deadline for Plaintiff to respond to Defendants' Motions. All previously requested discovery bearing on Defendants' liability[3] has now been produced with the exception of between 200 and 300 redacted pages produced by Defendant FDOC. *See* DE 255. Defendant FDOC shall immediately provide those pages without redaction to Magistrate Judge Maynard for an *in camera* review. Magistrate Judge Maynard will then determine whether Defendant FDOC must produce any portion of those pages without redaction to Plaintiff and, if so, Defendant FDOC shall immediately produce the same to Plaintiff.

By no later than **ten (10) days** after the date on which Defendant FDOC produces the unredacted documents to Plaintiff (if so ordered by Magistrate Judge Maynard) or the date on which Magistrate Judge Maynard rules that Plaintiff is not entitled to any unredacted documents, Plaintiff shall file either an amended response in opposition to Defendants' Motions for Summary Judgment or notice that she does not intend to file an amended response. (If Plaintiff

---

[1] At the time Magistrate Judge Maynard issued her Report and Recommendation, this case was set for trial on May 29, 2018. *See* DE 11. At Defendants' request, and in the absence of any opposition from Plaintiff, this case was subsequently stayed and removed from the trial docket pending resolution of Magistrate Judge Maynard's Report and Recommendation. *See* DE 230.

[2] When a nonmovant shows that she cannot present facts essential to justify her opposition to a motion for summary judgment, the Court may "issue any . . . appropriate order". *See* Fed. R. Civ. P. 56(d)(3).

[3] On March 16, 2018, the Court entered an Order Bifurcating Trial [DE 170]. With respect to trial on the issue of damages, discovery has not yet been completed.

4

intends to file an amended response, she shall withdraw her prior response and file an amended response that supersedes her prior response. In other words, Plaintiff shall not file a supplemental response that is intended to be read in conjunction with her prior response. The Court will review only Plaintiff's prior response *or* her amended response, not both.) If Plaintiff files an amended response, Defendants shall file either amended replies in support of their Motions for Summary Judgment or notice that they do not intend to file amended replies by no later than **five (5) days** after the date on which Plaintiff's amended response is filed. (Again, any amended replies filed shall supersede Defendants' prior replies.)

### III.     Defendants' Motion to Dismiss/Strike on Claims for Damages [DE 177]

In their Motion to Dismiss/Strike on Claims for Damages [DE 177], Defendants Robert Hendry, Robert Feipel, and the State of Florida challenge Plaintiff's request for punitive damages in Counts I and II. Because Magistrate Judge Maynard recommends granting summary judgment in favor of each of these Defendants, she also recommends that this Motion be denied as moot. *See* DE 226 at 63. As the Court is deferring ruling on Defendants' Motions for Summary Judgment, however, the Court also defers ruling on this Motion.

### IV.     Plaintiff's Motion to Seal [DE 213]

In her Motion Submitting Exhibits for Filing Under Seal or, Alternatively, Motion to File Normally [DE 213], Plaintiff seeks leave to file two exhibits to her Response [DE 204] to Defendants' Motion to Dismiss/Strike on Claims for Damages [DE 177] under seal. In connection with her recommendation that the scope of the evidentiary record be limited to that which was in the record at the time briefing on Defendants' Motions for Summary Judgment was completed, Magistrate Judge Maynard recommends that this Motion be denied. However, the Court is allowing the parties to amend their briefing on Defendants' Motions for Summary

5

Judgment. The Court also notes that Plaintiff's Motion is unopposed. *See* DE 214; DE 222.

Accordingly, Plaintiff's Motion is granted.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

**1.** The Court **ADOPTS** Magistrate Judge Maynard's Report and Recommendation on Pending Motions [DE 226] **IN PART** as set forth above.

**2.** Defendant, the State of Florida's, Motion for Judgment on the Pleadings [DE 136] is **GRANTED IN PART and DENIED IN PART**. Count IV of Plaintiff's Third Amended Complaint [DE 173] is **SEVERED** and **REMANDED** to the <u>**Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida**</u>.

**3.** Plaintiff's Rule 56(d) Motion to Deny or Defer Ruling on Summary Judgment Motions and Allow Time to Receive Discovery [DE 192] is **GRANTED** to the extent that the Court **DEFERS** ruling on Defendants', Christopher Rose and David Bailes, Motion for Final Summary Judgment and Incorporated Memorandum of Law [DE 130], Defendant, Robert Hendry's, Motion for Final Summary Judgment Based on Qualified Immunity [DE 142], Defendant, Robert Feipel's, Motion for Final Summary Judgment Based on Qualified Immunity [DE 144], and Defendant, Carolyn Conrad's Motion for Summary Judgment [DE 150] to allow amended briefing. The parties shall comply with the deadlines set forth in section II above.

**4.** The Court **DEFERS** ruling on Defendants, Robert Hendry, Robert Feipel, and the State of Florida's, Motion to Dismiss/Strike on Claims for Damages [DE 177].

**5.** Plaintiff's Motion Submitting Exhibits for Filing Under Seal or, Alternatively, Motion to File Normally [DE 213] is **GRANTED**. Plaintiff shall file Exhibit C and Exhibit F to her Response [DE 204] to Defendants' Motion to Dismiss/Strike on Claims for Damages [DE 177] under seal. Those documents shall remain under seal permanently.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this <u>17th</u> day of July, 2018.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE