UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

| | |
|---|---|
| MONICA STONE,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROBERT HENDRY et al.,<br><br>　　　Defendants. | CIVIL ACTION<br><br>Case No. 2:17-cv-14177 |

**CORRECTED UNOPPOSED MOTION TO FILE UNDER SEAL**

COMES NOW, the Plaintiff, MONICA STONE, and Moves this Honorable Court to be permitted to file under seal these Exhibits to Docs. 285, 287, 288, and 290 (Exhibit G only), designated as Confidential or originally produced in redacted form by Defendants. Plaintiff has never previously filed any of these records as exhibits, however Defendants Rose and Bailes filed part of our Exhibit D as their Exhibit 148-4, Housing Logs – not under seal, although they were designated as "Confidential" by the Florida Department of Corrections. The Exhibits Plaintiff now proposes to be sealed are:

A　　　Post Order Number Ten, a post order that is required to be read by all persons working in confinement dorms. It gives specific instructions on the timing of things like cell checks and security checks. Basically, it is the job description for confinement housing officers.

B　　　Fixed wing videos taken from each end of Dorm D, Wing 2. One set, B1 and B2, show events from 6 p.m. to 8 p.m. on March 15, 2015, so they show the cell check prior to shift change and the events thereafter, up to 8 p.m. The second set, B3 and B4, again show Wing 2 from each end of the wing from 8 p.m. on.

D Special Housing Logs. These are the weekly logs for Christopher Cox. These are supposed to be records of contacts and activities of the named inmate, including cell changes and any unusual events. Showers, meals, recreation, cell searches, are all supposed to be logged here and initialed by an officer.

G Dorm Logs. These are the daily logs for Dorm D for all shifts from March 13, 2015, the day Cox was moved to cell D2210, through March 15, 2015, the day he was killed. These logs include routine functions like counts and cell checks and equipment checks and inventories, and also unusual events.

  The duration of the sealing should continue until the Court determines whether the exhibit may be admitted at trial and therefore unsealed. The Exhibits, if permitted to be filed under seal, will be filed as required by Local Rule 5.4(b)(1).

        Respectfully Submitted,

        *s/James V. Cook*_____
        JAMES V. COOK
        Florida Bar Number 966843
        Law Office of James Cook
        314 West Jefferson Street
        Tallahassee, FL 32301
        Fax: 850 561-0836
        cookjv@gmail.com

        ATTORNEYS FOR PLAINTIFF

I CERTIFY I have conferred with opposing counsel, pursuant to Local Rule 7.1(a)(3) and opposing counsel for Hendry, Feipel, Rose, and Bailes do not object to sealing but submit that the Records of Special Housing are not confidential and need not be sealed.[1] Counsel for Conrad takes no position as to the sealing.

I CERTIFY a true copy hereof was served 9/12/18 on all counsel of record registered with the CM/ECF electronic filing system.

        *s/James V. Cook*

---

[1] These Special Housing records were submitted for sealing here because they were originally provided in redacted form.