UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2:17-CV-14177/ROSENBERG/LYNCH

MONICA STONE, as the Personal
Representative of the Estate of
CHRISTOPHER COX and on behalf
Of Survivors, Monica Stone and
Ronald Doyle,

        Plaintiff,

vs.

ROBERT HENDRY, ROBERT FEIPEL,
CHRISTOPHER ROSE, DAVID BAILES,
CAROLYN CONRAD, and JULIE JONES
in her Official Capacity as Secretary of the
Florida Department of Corrections,

        Defendants.
_____/

### DEFENDANTS', CHRISTOPHER ROSE AND DAVID BAILES, REPLY TO PLAINTIFF'S OBJECTIONS TO MOTION FOR COSTS BY DEFENDANTS ROSE AND BAILES [D.E. 325]

Defendants, CHRISTOPHER ROSE and DAVID BAILES (hereinafter, "Defendants"), through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to Rule 54(d), Fed.R.Civ.P., S.D. Fla. L.R. 7.3 and D.E. 325, hereby file this Reply, as follows:

**I.**    **The Defendants' costs should be awarded.**

Without a single example, the Plaintiff initially claims in her Response that the Defendants "escalated" the costs in this matter by engaging in "costly obstructive discovery tactics" and that, based upon this claim, the Plaintiff is immune from costs. D.E. 325 at 2. First, this is not a legal argument. Second, this claim is factually baseless. As this Court is aware, there were several discovery extensions granted in this matter at the request of the Plaintiff. Shortly

1

prior to the initial discovery deadline, the Plaintiff filed a Notice of Substitution of Counsel [D.E. 84], wherein the Plaintiff's current counsel entered this matter and sought to engage in additional discovery. The Plaintiff even sought to amend her complaint for a third time on the eve of the then-dispositive motion deadline. *See* D.E. 85. Although both sets of Plaintiff's counsel never engaged in any direct discovery to the Defendants, the Defendants made every accommodation to the Plaintiff and her deposition requests, and even constantly rearranged their calendars in order to coordinate and schedule several depositions. Despite the accommodations made for the Plaintiff, the Plaintiff continued to assert that additional discovery was necessary. Consequently, this Court was forced to set a discovery conference on July 3, 2018 before the Magistrate to resolve all outstanding discovery issues [D.E. 251] none of which had anything to do with the Defendants. Lastly, the Defendants only served the Plaintiff with two (2) sets of discovery in this matter, which cannot be considered an "obstructive tactic."

## II.   The Defendants' deposition costs were reasonable.

In her Objections, the Plaintiff additionally asserts that the transcript costs for the depositions of Christopher Rose (hereinafter, "Rose") and David Bailes (hereinafter, "Bailes"), as well as Eric Jester (hereinafter, "Jester") should not be awarded as such were not cited by the Defendants in their Motion for Summary Judgment. However, Courts have held that obtaining deposition transcripts for use during discovery are indeed taxable when it is necessary to the issues in the case. *See e.g. Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1337 (S.D. Fla. 2009) (*citing Lovett v. KLLM, Inc.*, 2007 WL 983192, at 6 (N.D. Ga. 2007)). Additionally, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success…" *Id.* (*citing Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at 3 (M.D. Fla. 2007)). It is the non-prevailing party that bears the burden of showing that a specific deposition cost or a court reporter's fee was, in fact, not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Based upon this standard, these depositions were clearly necessary. First, Rose and Bailes are defendants in this

2

matter, not collateral witnesses. Second, Jester was the investigator from the Florida Department of Law Enforcement ("FDLE") that conducted the FDLE investigation, which was cited repeatedly by this Court. *See e.g.* D.E.{s} 226, 311. Moreover, the deposition of Jester was requested by the Plaintiff.

The Plaintiff next asserts that the deposition transcripts of Ernest Powell (hereinafter, "Powell") and Hurley Brown (hereinafter, "Brown") were "never ordered, never transcribed, and never cited," and therefore should not be taxable. D.E. 325 at 4. However, this Court has already determined that "attendance fees of court reporters are taxable costs." *Spatz v. Microtel Inns and Suites Franchising, Inc.*, 2012 WL 1587663, at 4 (S.D. Fla. 2012). Additionally, "[i]f a court reporter charges an attendance fee, then that fee must be paid for the deposition to take place; it is strictly 'necessary." *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708 at 6 (S.D. Fla. 2010) (*citing W&O, Inc.*, 213 F.3d at 620). This remains true even when no deposition transcript was requested. *See Powell v. Home Depot, U.S.A.*, 2010 WL 4116488, *9 (S.D. Fla. Sept. 14, 2010) ("The mere fact that a deposition was not transcribed does not lead to the conclusion that the deposition was not necessarily obtained for use in the case, or that the court reporter's attendance was not required.").

Here, the costs requested for the depositions of Powell and Brown are clearly fees associated with the court reporter's attendance at these depositions. As discussed *supra*, these attendance fees are taxable and should be awarded to the Defendants. Moreover, these depositions were necessary and related to this matter as these individuals were listed as potential witnesses by the Plaintiff. The Plaintiff also objects to a deposition cost in the amount of seventy-five dollars ($75.00) relating to the court reporter's travel fees to the deposition of Powell. This fee, however, should also be considered reasonable as Powell was incarcerated in the Northwest Florida Reception Center located in Chipley, Florida. Based upon the location of this prison, there were no court reporters within a reasonable distance from the prison where a travel fee would not have been incurred. As this was an official deposition of a potential witness of the Plaintiff, the appearance of a court reporter was necessary.

3

### III. The Defendants' witness costs are taxable.

The Plaintiff also objects to the Defendants' costs associated with the service of process upon two (2) individuals: Derek Wells and Derek Alvarez. Pursuant to Section 1920(1), "[f]ees of the clerk and marshal, may be taxed as costs." 28 U.S.C. § 1920(1). Specifically, "[t]he Court may tax as costs fees of the United States Marshals as listed in 28 U.S.C. § 1921(a), including fees for service of process, fees for serving a subpoena or summons for a witness, fees for 'necessary travel' for service of process, and fees for overtime expenses incurred while serving process." *Goldman v. Bracewell & Giuliani, L.L.P.*, 2006 WL 8439474, at 2 (M.D. Fla. 2006). However, while section 1920(1) only mentions United States Marshal fees, private process server fees may be taxed, as long as they do not exceed the statutory fees authorized in section 1921. *Id.* Therefore, expenses related to service of process by a private process server, including "rush fees" can be taxed as costs for service of process. *See George v. GTE Directories Corp.*, 115 F.Supp.2d 1281, 1299 (M.D. Fla. 2000).

Here, the Plaintiff is objecting to the Defendants' request to tax the costs associated with the service of process on Wells, a potential trial witness listed by the Plaintiff. Consequently, the Defendants sought to complete the deposition of Wells as this individual, according to the Plaintiff, had testimony relating to the alleged murder of Cox. On numerous occasions, the Defendants asked the Plaintiff to provide a valid address and/or contact information for Wells so that the Defendants could effectively coordinate his deposition and effectuate service. However, the Plaintiff failed to provide the accurate information and the Defendants were then forced to attempt service of process on Wells on several occasions at several different addresses which resulted in a Three Hundred and Thirty-Five Dollar ($335.00) expense to the Defendants.

The Plaintiff also objects to the service of process fee associated with a subpoena served upon the Plaintiff's estate attorney, Derek Alvarez. Here, the Plaintiff appears to object to the service of process fee as well as the rush fee. However, as noted *supra*, rush fees may be taxed for service of process. Here, the Defendants were forced to incur a rush fee as the estate file was relevant to the deposition scheduled for February 27, 2018 of Cox's aunt, Stephanie Baker.

Specifically, the Plaintiff indicated in her deposition on February 13, 2018 that Cox's aunt had paid for the expenses associated with his funeral despite the fact that the Plaintiff asserted damages associated with the estate. Notwithstanding, the Defendants had requested a copy of the entire estate file from the Plaintiff in their initial discovery requests, however, the Plaintiff objected and refused to provide the entire estate file. Additionally, the Plaintiff's estate file was relevant to the instant matter as the Plaintiff originally sued solely as a personal representative of the estate of Cox, but later amended the pleadings to bring this matter on behalf of the estate and survivors of Cox. Discovery in this matter later revealed that the Plaintiff's mother, Monica Stone, had an almost non-existent relationship with the decedent until there was a potential claim for millions of dollars following his death.

## CONCLUSION

Based upon the foregoing, the Defendants', Christopher Rose and David Bailes, respectfully request that their Motion to Tax Costs [D.E. 323] be granted and an award of costs incurred in defense of this action in the amount of One Thousand Five Hundred and Twenty-Three Dollars and Eighty Cents ($1,523.80) be awarded.

Respectfully submitted,

Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone:   (954) 463-2001
Facsimile:   (954) 463-0410
Counsel for Defendants, Rose and Bailes

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 0067539
SHERI-LYNN COREY-FORTE
Florida Bar No. 118148

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CMECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Filing.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

## SERVICE LIST

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
e-mail: cookjv@gmail.com

James Williams, Esq.
Phillip Wiseberg, Esq.
Williams, Leininger & Cosby, P.A.
11300 US Highway 1, #300
North Palm Beach, FL 33408
e-mail: jwilliams@wlclaw.com
e-mail: pwiseberg@wlclaw.com

Chelsea Furman, Esq.
Claire R. Hurley, Esq.
Barry A. Postman, Esq.
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
e-mail: chelsea.furman@csklegal.com
e-mail: claire.hurley@csklegal.com
e-mail: shalonda.cox@csklegal.com